■ In the Matter of HUEY WRIGHT, Appellant, v PAROLE DIVISION OF THE STATE OF NEW YORK, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered November 7, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner parole.

Petitioner commenced the instant proceeding in response to a decision by respondent which denied him parole and recommended continued psychological counseling. By order to show cause dated June 25, 1986, Supreme Court directed that a copy of the order, the petition and its supporting papers be served by mail upon respondent and the Attorney-General by

mailing on or before July 11, 1986. The papers were not mailed by petitioner until July 23, 1986. Respondent moved to dismiss the petition upon the ground that petitioner failed to acquire personal jurisdiction over respondent. The motion was granted and this appeal by petitioner ensued.

Petitioner neither complied with the service requirement nor indicated to Supreme Court that his imprisonment presented obstacles beyond his control which prevented him from complying with the service requirement. Hence, dismissal of the petition for lack of jurisdiction was proper (see, Matter of Alevras v Chairman of N. Y. Bd. of Parole, 118 AD2d 1020, appeal dismissed 68 NY2d 753). Even if we were to consider the merits of petitioner's contention that he should have been granted release on parole, we would find it meritless since there has been no showing that respondent's determination was so irrational as to border on impropriety (see, Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77; Matter of Ristau v Hammock, 103 AD2d 944, 945, lv denied 63 NY2d 608).

Judgment affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.