■ In the Matter of DARIUS GITTENS, Appellant, v DONALD SELSKY, as Director of Special Housing Units and Inmate Disciplinary Programs, Respondent. (Proceeding No. 1.) In the Matter of DARIUS GITTENS, Appellant, v LOUIS F. MANN, as Superintendent of Shawangunk Correctional Facility, Respondent. (Proceeding No. 2.) (And Another Related Proceeding.) [598 NYS2d 110] —Appeal, in proceeding No. 1, from a judgment of the Supreme Court (Bradley, J.), entered February 26, 1992 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of jurisdiction.

Appeal, in proceeding No. 2, from a judgment of the Supreme Court (Bradley, J.), entered February 26, 1992 in Ulster County, which, in two proceedings pursuant to CPLR article 78, inter alia, granted respondent's motion to dismiss the petitions for lack of jurisdiction.

In these two appeals, petitioner challenges Supreme Court's dismissal of his petitions for failure to obtain personal jurisdiction over respondents. Supreme Court dismissed the petitions because petitioner failed to comply with the service requirements set forth in the orders to show cause by which petitioner attempted to commence the proceedings. Petitioner

argues in proceeding No. 1 that prison authorities were responsible for his failure to comply with the service requirements. In proceeding No. 2, petitioner contends that his failure to timely serve the petitions in accordance with the orders to show cause was occasioned by his lack of money and the refusal of prison authorities to allow him free photocopying or to advance funds for that purpose.

We affirm. Failure of an inmate to satisfy the service requirements set forth in an order to show cause requires dismissal for lack of jurisdiction absent a showing that imprisonment presented obstacles beyond his control which prevented compliance (see, Matter of Hoyer v Coughlin, 179 AD2d 921; Matter of Wright v Parole Div., 132 AD2d 821). Petitioner has failed to make such a showing here. In proceeding No. 1, the record indicates that petitioner's inability to effect proper service was caused by his failure to follow the procedures of the Department of Correctional Services for obtaining disbursements for mailing. As to proceeding No. 2, petitioner failed to file affidavits of service showing compliance with the orders to show cause (see, Matter of Alevras v Chairman of N. Y. Bd. of Parole, 118 AD2d 1020, appeal dismissed 68 NY2d 753). Finally, we find as to proceeding No. 2 that the failure of prison authorities to provide petitioner access to photocopying equipment under the circumstances present here did not serve to deprive him of meaningful access to the courts (see, Gittens v Sullivan, 670 F Supp 119, affd 848 F2d 389).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgments are affirmed, without costs.