■ In the Matter of DAVID SUTHERLAND et al., Appellants, v ROBERT C. GLENNON, as Executive Director of the Adirondack Park Agency, et al., Respondents. [619 NYS2d 207] —White, J.

Appeal from that part of an order of the Supreme Court (Keniry, J.), entered October 14, 1993 in Hamilton County, which, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, denied petitioners' motion to compel disclosure.

Following the affirmance by respondent Adirondack Park Agency (hereinafter the APA) of its Enforcement Committee's determination that petitioners David Sutherland and Randy Sutherland had filled wetlands without having obtained a permit authorizing such action, petitioners[1] commenced this combined CPLR article 78 proceeding and declaratory judgment action challenging the APA's determination. Respondents thereafter filed an answer that included a counterclaim seeking an injunction and the imposition of civil penalties against petitioners. Petitioners responded by moving for an order, *inter alia,* for a subpoena duces tecum for the production of "all notes, correspondence, internal memoranda * * * prepared by enforcement staff, senior staff * * * or the [APA] * * * relative to this matter". Supreme Court denied the motion, prompting this appeal by petitioners.

The immediate issue is whether petitioners can maintain this appeal in the face of the denial of their application for permission to appeal and CPLR 5701 (b) (1), which precludes appeals from intermediate orders made in CPLR article 78 proceedings. Based on the premise that the APA's counterclaim falls within the definition of an "action", and their claim that their discovery request was solely directed to the counterclaim, petitioners argue that Supreme Court's order is appealable as of right.

We disagree. While a CPLR article 78 proceeding is an appropriate vehicle for the maintenance of a counterclaim *(see,* CPLR 7804 [d]), its assertion does not transform the nature of the proceeding nor require the court to treat it separately. This is exemplified by CPLR 407 which provides a court with the authority to sever counterclaims in order to preserve the summary nature of special proceedings *(see,* Legislative Studies and Reports, McKinney's Cons Laws of NY, Book 7B, CPLR 407, at 658).[2] The efficacy of petitioners'

---

1. Petitioners Thomas Bissell and Jane Bissell obtained a permit from the APA authorizing a six-lot subdivision of a 31-acre parcel of land located in the Town of Long Lake, Hamilton County. The Sutherlands purchased one of these lots.

2. Subsequent to the denial of this motion, petitioners moved to sever the APA's counterclaim, the motion was denied.

argument is further diluted by the fact that their discovery request is directly related to the allegations set forth in the 9th, 10th and 11th causes of action in their petition.

For these reasons, we find that the order petitioners are seeking to appeal from is an intermediate order in a CPLR article 78 proceeding. Accordingly, we shall dismiss this appeal *(see, Matter of Grosso v Slade,* 179 AD2d 585).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.