■ In the Matter of GREGORY FREDERICK, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [798 NYS2d 210]—

Rose, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered November 9, 2004 in Albany County, which,

in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for lack of personal jurisdiction.

Petitioner is currently serving a prison term of $17\frac{1}{2}$ years to life for his conviction in 1987 of the crimes of murder and attempted murder in the second degree. In August 2003, he was granted parole release, but the decision was ultimately rescinded by the Board of Parole after its receipt and consideration of additional evidence. By order to show cause and petition, petitioner then commenced this CPLR article 78 proceeding challenging the Board's determination. After petitioner failed to serve respondents within the time specified in the order to show cause, they moved to dismiss the petition for lack of personal jurisdiction. Supreme Court granted respondents' motion, petitioner appeals and we affirm.

"It is well settled that an inmate's failure to comply with the service directives set forth in the order to show cause requires dismissal of the petition absent a showing that prison presented an obstacle to the service requirements" (*Matter of Green v Duncan*, 10 AD3d 743, 744 [2004], *lv denied* 4 NY3d 701 [2004] [citations omitted]; *see Matter of Olivera v Travis*, 289 AD2d 655, 655 [2001]). It is undisputed that no such showing has been made here. As orders to show cause require strict compliance with their terms, we discern no error or abuse of discretion in Supreme Court's dismissal of the petition (*see Matter of Sorli v Coveney*, 51 NY2d 713, 714 [1980]; *Matter of Townes v Selsky*, 309 AD2d 1106, 1106 [2003]; *see also Matter of Marcoccia v Garfinkle*, 307 AD2d 1010, 1010 [2003], *lv denied* 100 NY2d 509 [2003]).

Nor did Supreme Court err in rejecting petitioner's claim that CPLR 306-b permitted service up to 15 days after the expiration of the statute of limitations or an extension of the time for service in the interest of justice. Although CPLR 306-b provides both a minimum of 15 days and a discretionary extension of time for service in special proceedings (*see Matter of Nicklin-McKay v Town of Marlborough Planning Bd.*, 14 AD3d 858, 860 [2005]), it is inapplicable where, as here, an order to show cause is used to bring on a CPLR article 78 proceeding and petitioner fails to make service as required by the order to show cause. While CPLR 306-b affords a court discretion to extend the time for service, a new order to show cause must be presented and an extension obtained—a path petitioner chose not to follow.

Spain, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.