■ In the Matter of ERIC ROBINSON, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [800 NYS2d 786]—

Appeal from a judgment of the Supreme Court (Clemente, J.), entered May 26, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of jurisdiction.

By order to show cause and petition, petitioner commenced this CPLR article 78 proceeding challenging respondent's determination that he was guilty of violating certain prison disciplin-

ary rules. Petitioner was granted an extension to effect proper service and, in an amended order to show cause, Supreme Court directed that petitioner serve the petition and any supporting affidavits, as well as the amended order to show cause, upon respondent and the Attorney General before a certain date. After petitioner failed to comply with these requirements, respondent moved to dismiss the petition for lack of personal jurisdiction. Supreme Court granted the motion and petitioner now appeals.

" 'It is well settled that an inmate's failure to comply with the service directives set forth in the order to show cause requires dismissal of the petition absent a showing that prison presented an obstacle to the service requirements' " (*Matter of Frederick v Goord*, 20 AD3d 652, 653 [2005], quoting *Matter of Green v Duncan*, 10 AD3d 743, 744 [2004], *lv denied* 4 NY3d 701 [2004]). Here, it is undisputed that petitioner failed to serve respondent and the Attorney General with the amended order to show cause, and we find no record evidence to indicate that prison interfered with petitioner's ability to effect proper service thereof. Inasmuch as orders to show cause require strict compliance with their terms, Supreme Court did not err in dismissing the petition (*see Matter of Arosena v Carpenter*, 19 AD3d 838 [2005]).

In light of the foregoing, we need not address petitioner's remaining contentions.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.