■ In the Matter of H. PATRICK BARCLAY, Appellant, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [802 NYS2d 389]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered June 16, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for lack of personal jurisdiction.

Petitioner, an inmate, commenced this CPLR article 78 proceeding by order to show cause, signed by Supreme Court on January 12, 2004, to challenge a prison disciplinary determination. The order to show cause required that petitioner serve each respondent and the Attorney General with the order to show cause, petition, exhibits and supporting affidavits by ordinary first class mail on or before February 20, 2004. Petitioner, however, failed to serve the papers upon certain employees of Attica Correctional Facility named as respondents in the proceeding or upon the Attorney General. Although he did serve the necessary papers upon respondent Robert Murphy, the exhibits were not included. Thereafter, respondents moved to dismiss the proceeding upon the ground, among others, of lack of personal jurisdiction. Supreme Court granted the motion and this appeal ensued.

We affirm. Petitioner's failure to satisfy the service requirements set forth in the order to show cause requires that the proceeding be dismissed for lack of personal jurisdiction as he has not demonstrated that his imprisonment presented obstacles preventing him from complying with the requirements of the order to show cause (*see Matter of Green v Duncan,* 10 AD3d

743, 744 [2004], *lv denied* 4 NY3d 701 [2004]; *Matter of Hickey v Goord*, 3 AD3d 802, 802 [2004]). Accordingly, under the circumstances presented, dismissal of the petition was appropriate.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.