In the Matter of ANTHONY HARRISON, Appellant, v DIVISION OF PAROLE, CHAIRMAN, Respondent. [817 NYS2d 161]—

Appeal from a judgment of the Supreme Court (Lamont, J.), entered August 24, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of personal jurisdiction.

Petitioner sought to challenge a determination revoking his parole by bringing a CPLR article 78 proceeding. In the order to show cause commencing the proceeding, Supreme Court directed petitioner to serve the "[o]rder to [s]how [c]ause, petition, exhibits and any supporting affidavits, by ordinary [f]irst [c]lass [m]ail, upon each named respondent and upon the Attorney General . . . on or before June 17, 2005." As a result of petitioner's failure to serve respondent with the papers as directed in the order to show cause, respondent moved to dismiss the petition. Supreme Court granted the motion, and this appeal ensued.

We affirm. It is well settled that the "[f]ailure of an inmate to satisfy the service requirements set forth in an order to show cause requires dismissal for lack of jurisdiction absent a showing that imprisonment presented obstacles beyond his control which prevented compliance" (*Matter of Gittens v Selsky*, 193 AD2d 986, 987 [1993]; *see Matter of Frederick v Goord*, 20 AD3d 652, 653 [2005], *lv denied* 5 NY3d 712 [2005]). Respondent submitted an affidavit in support of the motion to dismiss establishing that the papers specified in the order to show cause were not served upon either the Division of Parole or respondent. Petitioner's affidavit of service predates the signing of the order to show cause and does not encompass the papers enumerated therein. Moreover, he has not maintained that his imprison-

ment precluded him from effectuating proper service. Under these circumstances, Supreme Court properly dismissed the petition.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.