concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of JESUS PEREZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [822 NYS2d 742]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Following a stabbing incident involving two inmates, correction officials received confidential information indicating that petitioner had retrieved the weapon used in the stabbing and hid it in a refrigerator in the kitchen. After the weapon was recovered in the specified location, petitioner was charged in a misbehavior report with possessing a weapon. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the hearing testimony and the testimony of the confidential informants considered by the Hearing Officer in camera, constitute substantial evidence supporting the determination (*see Matter of Dukes v Goord*, 16 AD3d 747, 747 [2005]). Contrary to petitioner's claim, the Hearing Officer independently assessed the reliability of the confidential sources by conducting a personal interview (*see Matter of McCain v Goord*, 19 AD3d 910, 910 [2005]; *Matter of Camacho v Goord*, 18 AD3d 1046, 1047 [2005]). Petitioner's remaining contentions, including his claim that the Hearing Officer was biased (*see Matter of Cunningham v Selsky*, 29 AD3d 1254, 1255 [2006]), have not been preserved for our review due to petitioner's failure to raise them at the disciplinary hearing (*see Matter of Cargill v Goord*, 29 AD3d 1255, 1256 [2006]).

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of RODNEY ELLIOTT, Appellant, v SHERYL BUTLER, as Deputy Superintendent of Programs, Eastern Correctional Facility, et al., Respondents. [823 NYS2d 581]—

Appeal from a judgment of the Supreme Court (Spargo, J.), entered February 23, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for lack of personal jurisdiction.

Petitioner sought to commence this CPLR article 78 proceeding challenging a determination denying a grievance involving his failure to participate in a substance abuse program. In the order to show cause, Supreme Court directed that "service of this [o]rder to [s]how [c]ause, the petition, exhibits and any supporting affidavits, by ordinary [f]irst [c]lass [m]ail, upon each named respondent and upon the Attorney General . . . on or before September 9, 2005, be deemed adequate." Respondents moved to dismiss the proceeding based upon petitioner's failure to comply with the service requirements of the order to show cause. Supreme Court granted the motion, resulting in this appeal.

We affirm. " 'It is well settled that an inmate's failure to comply with the service directives set forth in the order to show cause requires dismissal of the petition absent a showing that prison presented an obstacle to the service requirements' " (*Matter of Frederick v Goord*, 20 AD3d 652, 653 [2005], *lv denied* 5 NY3d 712 [2005], quoting *Matter of Green v Duncan*, 10 AD3d 743, 744 [2004], *lv denied* 4 NY3d 701 [2004] [citations omitted]). Here, the affidavit of a secretary responsible for keeping track of legal papers served upon officials of the Department of Correctional Services establishes that the papers referenced in the order to show cause which were to be served upon respondent John Nuttall were never received. Although petitioner submitted an affidavit of service representing that he served Nuttall with the papers, he failed to provide any proof, such as a disbursement request, to substantiate this claim (*cf. Matter of Wilder v New York State Div. of Parole*, 249 AD2d 606 [1998]). Petitioner's remaining arguments are academic.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.