In the Matter of VICTOR K. THOMAS, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [823 NYS2d 568]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered June 6, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of personal jurisdiction.

Petitioner attempted to commence this CPLR article 78 proceeding challenging a prison disciplinary determination. In the order to show cause, Supreme Court directed petitioner to serve the order to show cause, petition, exhibits and supporting documentation by ordinary first class mail upon each named respondent and the Attorney General on or before April 8, 2005. Respondent moved to dismiss the petition on the ground that petitioner failed to comply with the service requirements of the order to show cause. Supreme Court granted the motion and this appeal ensued.

We affirm. It is well established that an inmate's "[f]ailure . . . to satisfy the service requirements set forth in an order to show cause requires dismissal for lack of jurisdiction absent a showing that imprisonment presented obstacles beyond his control which prevented compliance" (*Matter of Gittens v Selsky*, 193 AD2d 986, 987 [1993]; *see Matter of Robinson v Goord*, 21 AD3d 1150, 1151 [2005]). The evidence in the record reveals that on April 13, 2005 petitioner served only the order to show cause, without any other documentation, upon respondent and the Attorney General. Clearly, this was not in compliance with the service requirements of the order to show cause and petitioner has not submitted proof that service was properly effected. Petitioner's attempt to cast blame on prison officials who

purportedly delayed his request for funds for photocopying is not compelling (*see Matter of Hickey v Goord*, 3 AD3d 802, 803 [2004]; *Matter of Boomer v Walker*, 242 AD2d 801, 802 [1997]).

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.