■ In the Matter of RONNIE SHORT, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.
[829 NYS2d 731]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an investigation, correction officials discovered that petitioner was involved in a scheme to bring drugs into the correctional facility where he was incarcerated through his contact with a visitor and by making telephone calls to persons outside the facility. He was charged in a misbehavior report with conspiring to introduce drugs into the facility, soliciting others to bring drugs into the facility, making third-party telephone calls and using other inmates' personal identification numbers. Petitioner was found guilty of the charges following a tier III disciplinary hearing. The determination was affirmed on administrative appeal with a modified penalty. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging it. Respondent moved to dismiss the proceeding for lack of jurisdiction based upon petitioner's failure to comply with the service requirements of the order to show cause. Supreme Court denied the motion. Respondent then served an answer to the petition and the proceeding was transferred to this Court.

Based upon our review of the record, we agree with respondent that the proceeding must be dismissed due to petitioner's failure to comply with the service requirements of the order to show cause. Although noncompliance may be excused where the petitioner has demonstrated that it was due to obstacles presented by his or her imprisonment (*see Matter of Frederick v Goord*, 20 AD3d 652, 653 [2005], *lv denied* 5 NY3d 712 [2005]), confinement in the special housing unit, as asserted by petitioner, does not present a qualifying hardship (*see Matter of McCorkle v Beaver*, 16 AD3d 715 [2005]). Moreover, in this case, petitioner has failed to substantiate his claim by providing an affidavit of service, another requirement of the order to show cause (*see Matter of McGuire v Goord*, 294 AD2d 719, 720 [2002]), or other proof such as a disbursement request (*see Mat-*

*ter of Elliott v Butler*, 34 AD3d 878 [2006]). Therefore, the petition is dismissed without the need for us to address the merits of petitioner's claims.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the petition is dismissed, without costs.