■ In the Matter of ANTHONY F. WISE, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [829 NYS2d 743]—

Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered June 6, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner seeks to challenge a December 2004 decision of the Board of Parole denying his request for parole release. In connection therewith, Supreme Court signed an order to show cause in December 2005 directing petitioner to serve the order to show cause, petition, exhibits and supporting affidavits by ordinary mail upon respondent and the Attorney General by December 30, 2005. At petitioner's request, Supreme Court signed an amended order to show cause extending the service date to March 3, 2006. However, when petitioner failed to serve either respondent or the Attorney General with the petition in accordance with the provisions of the amended order to show cause, respondent moved to dismiss the petition. Supreme Court granted the motion and this appeal ensued.

We affirm. "It is well settled that an inmate's failure to comply with the service directives set forth in an order to show cause requires dismissal of the petition for lack of personal jurisdiction" (*Matter of Vargas v Unger*, 29 AD3d 1258, 1258 [2006], *lv denied* 7 NY3d 709 [2006] [citations omitted]; *see Matter of Harrison v Division of Parole, Chairman*, 29 AD3d 1242, 1242 [2006]). Here, petitioner's affidavit of service omits any mention of service of the petition on either respondent or the Attorney General. Nor has he attempted to demonstrate that obstacles presented by his imprisonment prevented him from complying with the service requirements (*see Matter of Jones v Dennison*, 30 AD3d 952, 953 [2006]; *Matter of Loper v Selsky*, 29 AD3d 1183, 1184 [2006]).

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.