■ In the Matter of SHAWN GREEN, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [857 NYS2d 747]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered November 8, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, partially granted respondents' motion to dismiss the petition, and (2) from a judgment of said court, entered July 2, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.

Petitioner commenced this CPLR article 78 proceeding by order to show cause seeking to challenge a prison disciplinary determination and the denial of two inmate grievances. The order to show cause required petitioner to serve respondents and the Attorney General with, among other things, any exhibits. Respondents thereafter moved to dismiss the petition contend-

ing, among other things, that petitioner failed to comply with the service requirements in general and failed to exhaust his administrative remedies with regard to the first of the subject grievances. By order entered November 8, 2006, Supreme Court partially granted respondents' motion, finding that petitioner indeed did not comply with the service requirements and, hence, failed to obtain personal jurisdiction over respondents with regard to the disciplinary determination. Supreme Court further concluded that petitioner neglected to take an administrative appeal from the denial of his initial grievance and dismissed that aspect of petitioner's claim for failure to exhaust his administrative remedies. Following additional proceedings, Supreme Court, by judgment entered July 2, 2007, dismissed petitioner's challenge to the remaining grievance, finding that the denial thereof had a rational basis. These appeals by petitioner ensued.*

We affirm. Preliminarily, we agree with respondents that inasmuch as the underlying petition and accompanying memorandum of law referenced and directed Supreme Court's attention to all three administrative decisions, i.e., the prison disciplinary determination and the denial of the two inmate grievances, any failure to comply with the service requirements set forth in the order to show cause should have resulted in the dismissal of the petition in its entirety. In this regard, the case law makes clear that "an inmate's failure to comply with the service requirements of an order to show cause will result in the dismissal of the petition unless the inmate demonstrates that obstacles presented by his or her imprisonment prevented compliance" (*Matter of Hughes v Dennison*, 40 AD3d 1297, 1297 [2007]). No such showing was made here and, thus, petitioner did not acquire personal jurisdiction over respondents (*see Matter of Wise v New York State Div. of Parole*, 37 AD3d 959, 960 [2007]).

In light of this conclusion, we need not reach the remaining issues presented on this appeal. Were we to do so, however, we would agree that Supreme Court properly dismissed petitioner's challenge to the denial of his initial grievance for failure to exhaust administrative remedies, as the record indicates that petitioner did not appeal this denial to the Central Office Review

* Regarding petitioner's appeal from the order entered November 8, 2006, we need note only that to the extent that Supreme Court partially dismissed the petition, such order was final and, hence, appealable (*compare Matter of Sutherland v Glennon*, 209 AD2d 898 [1994]). As to petitioner's appeal from the resulting judgment, we will exercise our discretion and, in the interest of justice, treat the premature notice of appeal as valid (*see* CPLR 5520 [c]).

Committee (*see Matter of Allen v Goord*, 4 AD3d 635, 636 [2004]; *see also Matter of Chaney v Van Guilder*, 14 AD3d 739, 740 [2005]). To the extent that petitioner challenges the denial of his subsequent grievance, our review of the record reveals that a rational basis exists for the denial thereof and, as such, that determination will not be disturbed.

Cardona, P.J., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order and judgment are affirmed, without costs.