■ In the Matter of IOAN CIOCHENDA, Appellant, v DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [892 NYS2d 569]—

The Commissioner of Correctional Services issued a determination finding petitioner guilty of violating two prison disciplinary rules. Petitioner, in turn, commenced this CPLR article 78 proceeding. Supreme Court (Egan, J.) signed an order to show cause directing petitioner to serve it, the petition, exhibits and supporting affidavits upon respondent and the Attorney General on or before January 4, 2008. Respondent moved to dismiss the petition on the ground, among others, that petitioner failed to comply with the service requirements of the order to show cause. Supreme Court (Teresi, J.) granted the motion and dismissed the petition. Petitioner now appeals.

We affirm. It is well settled that an inmate's failure to serve papers in accordance with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the inmate can demonstrate that imprisonment presented an obstacle to compliance (*see Matter of Green v Selsky*, 50 AD3d 1405, 1406 [2008], *lv denied* 10

NY3d 716 [2008]; *Matter of Thomas v Selsky*, 34 AD3d 904, 904 [2006]). Here, petitioner admitted that he did not serve either respondent or the Attorney General with papers until January 8, 2008. Moreover, while he served a copy of the order to show cause, he neglected to include the other papers referenced therein. Petitioner's own affidavit of service confirms that he did not comply with the directives set forth in the order to show cause. Although he contends that his inability to locate a notary at the facility to which he had been transferred contributed to his delay in serving the papers, he has not established that this was an obstacle preventing him from complying with the provisions of the order to show cause. Therefore, Supreme Court properly dismissed the petition.

Mercure, J.P., Peters, Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.