■ In the Matter of DENNIS BURKE, Appellant, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [895 NYS2d 883]—

Appeal from a judgment of the Supreme Court (O'Connor, J.), entered June 8, 2009 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner commenced the instant proceeding by order to show cause challenging a determination finding him guilty of violating certain prison disciplinary rules. The order to show cause provided that the order, petition, exhibits and supporting affidavits were to be served by ordinary first-class mail upon re-

spondent and the Attorney General on or before December 26, 2008. Petitioner served the papers upon the Attorney General, but not upon respondent. Respondent, in turn, moved to dismiss the proceeding for lack of personal jurisdiction. Supreme Court granted the motion and this appeal ensued.

We affirm. Petitioner's undisputed failure to comply with the service directives of the order to show cause required that the proceeding be dismissed for lack of personal jurisdiction as he has not demonstrated that his imprisonment presented an obstacle to compliance (*see Matter of Barclay v State of New York Dept. of Correctional Servs.*, 22 AD3d 974, 974-975 [2005]; *Matter of Robinson v Goord*, 21 AD3d 1150, 1151 [2005]). Although petitioner maintains that CPLR 306-b affords him an extension of time to serve respondent, it is inapplicable where, as here, petitioner brought on the CPLR article 78 proceeding by order to show cause and failed to comply with its service requirements (*see Matter of Frederick v Goord*, 20 AD3d 652 [2005], *lv denied* 5 NY3d 712 [2005]). Accordingly, Supreme Court properly granted respondent's motion and dismissed the petition.

Peters, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.