*1153 Appeal from a judgment of the Supreme Court (Devine, J.), entered October 9, 2009 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents’ motion to dismiss the petition.
By order to show cause, petitioner sought to commence this CPLR article 78 proceeding to compel prison mailroom staff to stop tampering with his mail. The order to show cause was signed by Supreme Court and directed petitioner to serve it, as well as the petition, exhibits and supporting affidavits, by ordinary mail, upon each named respondent as well as the Attorney General on or before May 8, 2009. The papers were subsequently served upon respondent Department of Correctional Services, but not upon the Attorney General. Consequently, respondents moved to dismiss the petition for lack of personal jurisdiction. Supreme Court granted the motion and this appeal ensued.
We affirm. “It is well settled that an inmate’s failure to serve papers in accordance with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the inmate can demonstrate that imprisonment presented an obstacle to compliance” (Matter of Ciochenda v Department of Correctional Servs., 68 AD3d 1363, 1363 [2009] [citations omitted]; see Matter of Pettus v Fischer, 72 AD3d 1313, 1314 [2010]). Here, it is undisputed that petitioner did not serve the papers upon the Attorney General in accordance with the requirements of the order to show cause, although he had no difficulty effectuating proper service upon the Department of Correctional Services. Inasmuch as petitioner has not demonstrated that obstacles presented by his imprisonment precluded him from complying with the service provisions of the order to show cause, Supreme Court properly dismissed the petition. Petitioner’s remaining contention, having been raised for the first time in his brief, is not properly before us (see Matter of Wilson v Artus, 71 AD3d 1294, 1295 [2010]).
Mercure, J.E, Peters, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.