■ In the Matter of Roosevelt Arlington, Appellant, v New York State Division of Parole, Respondent. [912 NYS2d 470]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered February 18, 2010 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner, who is currently incarcerated in a prison in Georgia, sought by order to show cause to commence this CPLR article 78 proceeding challenging a parole detainer lodged against him by respondent. The order to show cause required that service of the order, the petition, exhibits and any supporting affidavits be served by ordinary first class mail upon each named respondent and the Attorney General by December 24, 2009. When petitioner failed to serve the papers in accordance with the provisions of the order, respondent moved to dismiss the proceeding for lack of jurisdiction. Supreme Court granted the motion and this appeal ensued.

We affirm. An inmate's failure to comply with the service requirements of an order to show cause will result in dismissal of the petition unless the inmate demonstrates that obstacles presented by his or her incarceration precluded compliance (see Matter of Ciochenda v Department of Correctional Servs., 68 AD3d 1363, 1363 [2009]; Matter of Hughes v Dennison, 40 AD3d 1297 [2007]). Here, the record contains affidavits of individuals employed by respondent and the Attorney General which establish that the required papers were never served upon those offices. Petitioner has not submitted a contradictory affidavit of service nor has he claimed that he was unable to serve the parties as directed due to obstacles created by his imprisonment. Therefore, Supreme Court properly dismissed the petition.

Spain, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.