In the Matter of HAROLD E. JACKSON, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [914 NYS2d 694]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 13, 2010 in Franklin County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner sought to commence the instant proceeding pursuant to CPLR article 78 to challenge a determination denying his request for parole release. The order to show cause signed by Supreme Court directed petitioner to serve "a true copy of *this* Order to Show Cause, the Petition and any supporting affidavits, exhibits and/or memoranda, by ordinary first class mail to *each* of the respondents *and* to the Attorney General." Petitioner, however, did not serve executed copies of the papers on the opposing parties as directed. Respondents, in turn, moved to dismiss the proceeding for lack of personal jurisdiction. In response, petitioner conceded that he mistakenly served unexecuted copies of the papers upon the parties, but requested an extension of time to serve the proper papers. Supreme Court denied petitioner's request, granted respondents' motion and dismissed the petition. This appeal by petitioner ensued.

We affirm. An inmate's failure to comply with the service requirements set forth in an order to show cause will result in dismissal of the petition unless the inmate demonstrates that obstacles presented by his or her incarceration precluded compliance (*see Matter of Robinson v Goord*, 21 AD3d 1150, 1151 [2005]; *Matter of Frederick v Goord*, 20 AD3d 652, 653 [2005], *lv denied* 5 NY3d 712 [2005]). Petitioner has not made that showing here as his failure to serve the proper papers was attributable to his own mistake. In view of this, as well as the fact

that he attempted to commence the instant proceeding before he had fully exhausted his administrative remedies, we find that Supreme Court properly dismissed the petition.

Mercure, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.