■ In the Matter of JAMES PETTUS, Appellant, v WEEDEN WETMORE, as District Attorney of Chemung County, et al., Respondents. [915 NYS2d 770]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered June 16, 2010 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding seeking to, among other things, compel respondent District Attorney of Chemung County to file an accusatory instrument against various prison mail room staff for alleged transgressions against him. Supreme Court signed an order to show cause directing petitioner to serve the order, the petition, exhibits and any supporting affidavits upon respondents and the Attorney General on or before March 12, 2010. Respondents moved to dismiss the petition on the ground that, among others, petitioner failed to comply with the service requirements of the order to show cause. Supreme Court granted the motion and dismissed the petition, prompting this appeal by petitioner.

We affirm. An inmate's failure to serve papers as directed by an order to show cause results in a jurisdictional defect that requires the dismissal of the petition, unless the inmate can show that imprisonment presented an obstacle to compliance (*see Matter of Pettus v Department of Correctional Servs.*, 76 AD3d 1152, 1153 [2010]; *Matter of Ciochenda v Department of Correctional Servs.*, 68 AD3d 1363, 1363-1364 [2009]). Here, there is no record that petitioner served the order to show cause, verified petition and accompanying exhibits upon the Attorney General's office as required. Although petitioner contends that he sent mail to that office on March 8, 2010, he did not identify the papers he allegedly sent and failed to file an affidavit of service as he had been directed to do. Additionally, the fact that the required documents were timely served upon respondent Commissioner of Correctional Services demonstrates that imprisonment did not present an obstacle to compliance. As such, Supreme Court properly dismissed the petition.

Mercure, J.P., Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.