■ In the Matter of EUGENE MURRAY, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [942 NYS2d 677]—

Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered April 25, 2011 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner sought to commence a CPLR article 78 proceeding challenging a prison disciplinary determination. The order to

show cause required petitioner to serve the papers, "by ordinary [f]irst class mail, upon each named respondent and upon the Attorney General . . . on or before February 11, 2011." Petitioner served the papers upon the Attorney General, but not upon respondent. Respondent, in turn, moved to dismiss the petition for lack of personal jurisdiction. Supreme Court granted the motion and petitioner appeals.

We affirm. It is well settled that an inmate's failure to comply with the service requirements of an order to show cause mandates dismissal of the petition unless it is demonstrated that obstacles presented by the inmate's imprisonment precluded compliance (*see Matter of Thomas v Selsky*, 34 AD3d 904, 904 [2006]; *Matter of Harrison v Division of Parole, Chairman*, 29 AD3d 1242, 1242 [2006]). Here, petitioner has not shown that obstacles presented by his imprisonment prevented him from complying with the service requirements as he had no difficulty serving the Attorney General. Accordingly, Supreme Court properly dismissed the petition for lack of personal jurisdiction (*see Matter of Chavis v Goord*, 46 AD3d 1029, 1030 [2007]; *Matter of Reynoso v Goord*, 43 AD3d 1209 [2007]).

Rose, J.P., Spain, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.