*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 26, 2017               520022
_____

In the Matter of LEO A.
   MARINO,
                         Appellant,

      v                                    MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
   Commissioner of Corrections
   and Community Supervision,
                         Respondent.
_____


Calendar Date:   November 29, 2016

Before:   McCarthy, J.P., Egan Jr., Rose, Clark and Aarons, JJ.

                    _____


        Leo A. Marino, Malone, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (William
Storrs of counsel), for respondent.

                    _____


        Appeal from a judgment of the Supreme Court (Collins, J.),
entered October 6, 2014 in Albany County, which, in a proceeding
pursuant to CPLR article 78, granted respondent's motion to
dismiss the petition.

        Petitioner sought to commence this proceeding challenging
multiple determinations that denied various grievances filed by
him, as well as requests for information that he filed under the
Freedom of Information Law.  Respondent moved to dismiss the
petition for lack of jurisdiction due to petitioner's failure to
timely serve respondent and the Attorney General on or before the
date set forth in the order to show cause.  Supreme Court granted
the motion, and this appeal ensued.

We affirm. It is well established that failure of an inmate to comply with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the inmate demonstrates that imprisonment presented obstacles beyond his or her control which prevented compliance (see Matter of Ciochenda v Department of Correctional Servs., 68 AD3d 1363, 1363 [2009]; Matter of Thomas v Selsky, 34 AD3d 904, 904 [2006]). Petitioner has failed to make such a showing here. Although petitioner claims that the delay in service was due to the purported delay by prison officials in processing his request for copy disbursements in order to make the necessary photocopies, he offers no explanation as to why such request was made over two weeks after the order to show cause was signed. As such, we are unpersuaded that petitioner made the necessary showing that the delay in the service requirement was attributable solely to obstacles beyond his control (see Matter of Thomas v Selsky, 34 AD3d at 904-905; Matter of Davis v Goord, 20 AD3d 785, 786 [2005], lv dismissed and denied 5 NY3d 861 [2005]).

McCarthy, J.P., Egan Jr., Rose, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court