Perez v Harper (2018 NY Slip Op 03789)





Perez v Harper


2018 NY Slip Op 03789


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

525456

[*1]In the Matter of STEVEN PEREZ, Appellant,
v
J.E. HARPER, as Acting Superintendent of Mohawk Correctional Facility, Respondent.

Calendar Date: April 3, 2018

Before: Garry, P.J., McCarthy, Lynch, Rumsey and Pritzker, JJ.


Steven Perez, Rome, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Platkin, J.), entered June 7, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner sought to commence this CPLR article 78 proceeding to review a determination of respondent finding him guilty of violating a certain prison disciplinary rule. In an order to show cause, Supreme Court (O'Connor, J.) directed petitioner to effect service by first class mail upon respondent and the Attorney General on or before April 21, 2017. The order specifically provided the proper address for effectuating service on the Attorney General. Respondent thereafter moved to dismiss the petition for lack of jurisdiction due to petitioner's failure to serve the Attorney General in accordance with the order to
show cause. Supreme Court granted the motion, and this appeal ensued.
We affirm. "It is well settled that an inmate's failure to serve papers in accordance with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the inmate can demonstrate that imprisonment presented an obstacle to compliance" (Matter of Anderson v Fischer, 112 AD3d 1089, 1090 [2013] [internal quotation marks and citation omitted]; accord Matter of Barnes v Venettozzi, 141 AD3d 1073, 1074 [2016]). Here, petitioner admittedly did not serve the necessary papers on the Attorney General at the address directed in the order to show cause. As no issue of fact was raised by petitioner regarding proper service of the Attorney General, he was not entitled to a traverse hearing (see Matter of Barnes v Prack, 108 AD3d 894, 895 [2013]; Matter of Pettus v Bezio, 69 AD3d 1253, [*2]1254 [2010]; cf. Matter of Elliott v Butler, 8 NY3d 972, 972-973 [2007]; Matter of Harrell v Fischer, 114 AD3d 1092, 1092-1093 [2014]).
Petitioner's unsubstantiated claim that the Attorney General was not prejudiced by the lack of service, because his office actually received the documents prior to the April 21, 2017 deadline outlined in the order to show cause, was refuted by an affidavit from a clerk with the Attorney General's office, which indicated that the office received the papers on April 24, 2017, when respondent forwarded a copy of the papers served on him. In any event, such claim is irrelevant insofar as it is undisputed that petitioner failed to meet the service requirements (see generally Raschel v Rish, 69 NY2d 694, 697 [1986]; Clarke v Smith, 98 AD3d 756, 756 [2012]). Finally, the record reflects that petitioner was able to properly and timely serve the necessary papers on respondent in this matter. Accordingly, he has not demonstrated that imprisonment was an obstacle to him complying with the service requirements, and Supreme Court properly dismissed the petition (see Matter of Barnes v Prack, 108 AD3d at 895; Matter of Murray v Fischer, 94 AD3d 1300, 1301 [2012], lv denied 19 NY3d 811 [2012]).
Garry, P.J., McCarthy, Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.