People ex rel. Strong v Warden Griffin (2018 NY Slip Op 04747)





People ex rel. Strong v Warden Griffin


2018 NY Slip Op 04747


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2015-07356
 (Index No. 5367/14)

[*1]The People of the State of New York, ex rel. Charles L. Strong, appellant,
v
Warden Griffin, etc., respondent.


Charles L. Strong, Comstock, NY, appellant pro se.
Barbara D. Underwood, Attorney General, New York, NY (Michael S. Belohlavek and David Lawrence III of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 70 for a writ of habeas corpus, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (James D. Pagones, J.), dated June 2, 2015. The judgment, without a hearing, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner was convicted, upon a jury verdict, of arson in the second degree and criminal contempt in the first degree. He remains incarcerated pursuant to that judgment of conviction, rendered July 28, 2004. By order to show cause dated February 25, 2015, the petitioner commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus, arguing that he has been imprisoned after having been deprived of fundamental constitutional and statutory rights. In response, the respondent argued, among other things, that the petitioner failed to strictly comply with the service requirements of the order to show cause. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (U.S. Bank N.A. v Feliciano, 103 AD3d 791, 791 [internal quotation marks omitted]; see City of New York v Miller, 72 AD3d 726, 727). Here, we agree with the Supreme Court's determination to dismiss the proceeding for lack of personal jurisdiction due to the petitioner's failure to follow the directive of the order to show cause to serve the respondent and the Attorney General with a copy of the papers upon which the order to show cause was based. Given the petitioner's failure to comply with the service requirements of the order to show cause, [*2]dismissal of the proceeding was warranted (see Matter of Barclay v State of New York Dept. of Correctional Servs., 22 AD3d 974; Matter of Villalba v State of N.Y., Div. of Parole, Exec. Dept., 260 AD2d 811, 811).
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court