Matter of Hall v Benziger (2018 NY Slip Op 05551)





Matter of Hall v Benziger


2018 NY Slip Op 05551


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]In the Matter of ROYAL DANNIEL HALL, 
v
DEBRA BENZIGER, as Records Access Officer for the State Police, Respondent.

Calendar Date: June 11, 2018

Before: Garry, P.J., McCarthy, Aarons, Rumsey and Pritzker, JJ.


Royal Danniel Hall, Comstock, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Mackey, J.), entered September 26, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner, a prison inmate, commenced this CPLR article 78 proceeding by order to show cause seeking to compel respondent, the former records access officer for the State Police, to respond to his request under the Freedom of Information Law (see Public Officers Law art 6). The May 2017 order to show cause expressly directed petitioner to serve the order and his petition, together with any exhibits and supporting affidavits, upon respondent and the Attorney General by ordinary first class mail on or before July 14, 2017. When petitioner failed to comply with the service requirements, respondent moved to dismiss the petition for lack of personal jurisdiction. Supreme Court granted respondent's motion, and this appeal by petitioner ensued.
We affirm. "An inmate's failure to serve papers as directed by an order to show cause requires the dismissal of the petition on jurisdictional grounds, absent a showing that imprisonment presented an obstacle to compliance" (Matter of Watkins v New York State Dept. of Corr. & Community Supervision, 159 AD3d 1252, 1252 [2018] [citations omitted], lv denied ___ NY3d ___ [June 27, 2018]; see Matter of Brown v Fischer, 145 AD3d 1212, 1213 [2016]; Matter of Davis v Prack, 136 AD3d 1092, 1092 [2016]). Here, the affidavits submitted in support of respondent's motion to dismiss established that petitioner did not serve respondent and the Attorney General as directed in the order to show cause. In opposition, petitioner tendered an unsworn letter wherein he asserted, among other things, that the Albany County Clerk's office assured him — by letters dated March 8, 2017 and May 3, 2017 — that it would serve his petition and supporting documents for him. Petitioner's assertion in this regard, however, is belied by both the text of the subject letters and the subsequently issued order to show cause, the latter of which expressly provided, in relevant part, that "[t]he grant of poor person relief does not [*2]authorize . . . the Clerk's Office to provide . . . service of papers on behalf of a pro se litigant." To the extent that petitioner contends that he lacked the resources to properly effectuate service, this Court has consistently held that neither an inmate's lack of funds (see Matter of McCorkle v Beaver, 16 AD3d 715, 715 [2005]; Matter of Hickey v Goord, 3 AD3d 802, 802-803 [2004]; Matter of McCants v Travis, 282 AD2d 851, 851 [2001], lv denied 97 NY2d 605 [2001]), lack of access to a photocopier (see Matter of Vargas v Unger, 29 AD3d 1258, 1258 [2006], lv denied 7 NY3d 709 [2006]) nor confinement status (see Matter of Short v Goord, 37 AD3d 925, 925 [2007]; Matter of McCorkle v Beaver, 16 AD3d at 715) constitutes a sufficient obstacle to complying with the service requirements set forth in an order to show cause. Accordingly, Supreme Court properly granted respondent's motion to dismiss (see Matter of Rodriguez v Fischer, 117 AD3d 1298, 1298-1299 [2014]).
Garry, P.J., McCarthy, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.