Matter of Sharp v Annucci (2018 NY Slip Op 06304)





Matter of Sharp v Annucci


2018 NY Slip Op 06304


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

526056

[*1]In the Matter of RAYMOND SHARP, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: August 6, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Raymond Sharp, Ogdensburg, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McCarthy, J.), entered November 30, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
In January 2017, petitioner commenced this CPLR article 78 proceeding by order to show cause seeking to challenge a tier III disciplinary determination. Respondent moved to dismiss the proceeding upon the ground that the petition did not contain clear and concise statements in consecutively numbered paragraphs as required by CPLR 3014. By judgment entered July 31, 2017, Supreme Court agreed that the petition was defective, but concluded that the proper remedy was to afford petitioner additional time to serve an amended petition upon respondent and the Attorney General. Petitioner thereafter filed an amended petition with the court but, by his own admission, did not file any proof of service indicating that respondent and the Attorney General had been served; the Attorney General, in turn, indicated that it had no record of receiving a copy of the amended petition — either directly from petitioner or forwarded from respondent. As a result, Supreme Court granted respondent's motion to dismiss. Petitioner now appeals.
We affirm. "An inmate's failure to serve papers as directed by an order to show cause requires dismissal of the petition on jurisdictional grounds, absent a showing that imprisonment presented an obstacle to compliance" (Matter of Watkins v New York State Dept. of Corr. & Community Supervision, 159 AD3d 1252, 1252 [2018] [citations omitted], lv denied 31 NY3d 913 [2018]; see Matter of Marino v Annucci, 146 AD3d 1241, 1241 [2017], lv dismissed and denied 29 NY3d 1025 [2017]). As noted previously, petitioner does not dispute that he failed to provide an affidavit of service documenting service of the amended petition upon respondent and the Attorney General, nor has he articulated any impediment to doing so. Instead, petitioner argues that, because Supreme Court's July 2017 judgment — directing that he serve the amended [*2]petition within a particular time frame — was silent as to the manner of service or the need to document proof thereof, no affidavit of service was required and, hence, the absence of such affidavit does not warrant dismissal of this proceeding. Petitioner's argument is misplaced, however, in that he overlooks the fact that he simply failed to establish — via any means — that respondent and the Attorney General were in fact served with the amended petition as required. Stated another way, even assuming, without deciding, that Supreme Court's July 2017 judgment permitted petitioner to deviate from the manner of service set forth in the order to show cause, petitioner still failed to establish that he actually served respondent and the Attorney General with the amended petition. Accordingly, Supreme Court properly dismissed this proceeding (see Matter of Watkins v New York State Dept. of Corr. & Community Supervision, 159 AD3d at 1252-1253; cf. Matter of Wise v New York State Div. of Parole, 37 AD3d 959, 960 [2007]). Finally, and contrary to petitioner's assertion, "CPLR 306-b does not permit an extension of time for service provided in an order to show cause" (Matter of Watkins v New York State Dept. of Corr. & Community Supervision, 159 AD3d at 1253). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.