Matter of Simpson v Annucci (2019 NY Slip Op 06669)





Matter of Simpson v Annucci


2019 NY Slip Op 06669


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

528376

[*1]In the Matter of Theodore Simpson, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: August 30, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Rumsey, JJ.


Theodore Simpson, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Ferreira, J.), entered December 24, 2018 in Albany County, which, among other things, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Petitioner, an inmate, sought to commence this CPLR article 78 proceeding to challenge a determination of respondent finding him guilty of violating certain prison disciplinary rules. The initial order to show cause (Mackey, J.) directed that petitioner serve the signed order to show cause, the petition, exhibits and any supporting affidavits upon respondent and the Attorney General by January 26, 2018. Respondent thereafter moved to dismiss the petition on the ground that petitioner failed to properly serve respondent. Petitioner opposed the motion, submitting an affidavit of service noting that the order to show cause was included in the materials mailed to respondent.
Supreme Court (Ferreira, J.), finding that conflicting evidence was presented as to whether petitioner served respondent with the order to show cause, noted that a traverse hearing would be held unless respondent waived the hearing and consented to an extension of time for petitioner to complete service. Upon respondent's consent to an extension, Supreme Court, by order dated July 11, 2018, denied the motion and directed that petitioner serve upon respondent a copy of the order to show cause on or before July 30, 2018 and to file with the court an affidavit of service demonstrating compliance within 10 days of the date service.
Thereafter, by letter dated November 5, 2018, Supreme Court inquired of the parties about the status of the matter as it had not received any affidavit of service. Following the parties' responses, the court, by judgment entered December 24, 2018, dismissed the petition for failure to comply with the directives of the order to show cause. Petitioner's subsequent motions for reconsideration were denied. Petitioner appeals from the December 2018 judgment.
We affirm. "It is well established that failure of an inmate to comply with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the inmate demonstrates that imprisonment presented obstacles beyond his or her control which prevented compliance" (Matter of Smith v Annucci, 166 AD3d 1172, 1173 [2018] [internal quotation marks and citations omitted]; see Matter of Perez v Harper, 161 AD3d 1472, 1472-1473 [2018]). In response to Supreme Court's inquiry, respondent advised the court that it had no record of being served by petitioner in accordance with the court's July 11, 2018 decision and order and, therefore, had not submitted an answer. Although petitioner thereafter maintained that he had served the order to show cause, the affidavit of service reflected only that an "Affidavit/Affirmation" with exhibits had been served upon respondent on June 27, 2019. Moreover, the court noted that a review of its files and the County Clerk's file failed to disclose that an affidavit of service demonstrating compliance with the July 11, 2018 decision and order had been filed with the court as directed. In view of the foregoing, and absent any indication that prison presented an obstacle beyond petitioner's control that prevented his compliance with Supreme Court's directives, the petition was properly dismissed (see Matter of Pettus v Wetmore, 81 AD3d 1019, 1020 [2011]; Matter of Pettus v Department of Correctional Servs., 76 AD3d 1152, 1153 [2010]). The remaining issues raised by petitioner, to the extent they are preserved, have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.