Matter of Adams v Annucci (2019 NY Slip Op 06662)





Matter of Adams v Annucci


2019 NY Slip Op 06662


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

527739

[*1]In the Matter of Anthony Adams, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: August 30, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Anthony Adams, Elmira, appellant pro se.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Ryba, J.), entered September 26, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner commenced this CPLR article 78 proceeding to challenge a determination finding him guilty of violating a certain prison disciplinary rule. The order to show cause signed by Supreme Court (O'Connor, J.) directed that petitioner serve a copy of the signed order, petition, exhibits and any supporting affidavits on respondent and the Attorney General by a specified date. Thereafter, respondent moved to dismiss the petition for lack of personal jurisdiction due to petitioner's failure to serve respondent in a timely manner. Supreme Court (Ryba, J.) granted the motion and denied petitioner's subsequent motion to reargue and renew. Petitioner appeals from Supreme Court's judgment granting respondent's motion to dismiss the petition.
We affirm. "[A]n inmate's failure to serve papers in accordance with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the inmate can demonstrate that imprisonment presented an obstacle to compliance" (Matter of Perez v Harper, 161 AD3d 1472, 1472-1473 [2018] [internal quotation marks and citations omitted]; see Matter of Marino v Annucci, 146 AD3d 1241, 1241 [2017], appeal dismissed and lv denied 29 NY3d 1025 [2017). Petitioner did not make such a showing. In support of its motion, respondent submitted an affidavit substantiating that a search of its files disclosed no service of any papers by petitioner in regard to the matter. Although petitioner thereafter provided an affidavit of service, it reflects that the papers were mailed to an incorrect address. In view of the foregoing, and absent the necessary showing that the failure to comply with the directives set forth in the order to show cause was attributable to obstacles beyond his control, Supreme Court properly dismissed the petition (see Matter of Marino v Annucci, 146 AD3d at 1242; Matter of Boustani v Goord, 298 AD2d 732, 733 [2002]). Petitioner's contention that CPLR 306-b permits him an extension of time to serve respondent is without merit, as that statute "is inapplicable where, as here, petitioner brought on the CPLR article 78 proceeding by order to show cause and failed to comply with its service requirements" (Matter of Burke v Bezio, 71 AD3d 1317, 1318 [2010]; see Matter of Sharp v Annucci, 164 AD3d 1580, 1581 [2018]).
Finally, any challenges raised by petitioner with regard to Supreme Court's ruling denying his motion to reargue or renew are not properly before this Court because petitioner did not file a notice of appeal from that judgment (see Weinstein v Gindi, 92 AD3d 526, 528 [2012]; Hoffman v Pelletier, 6 AD3d 889, 889 [2004]).
Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.