■ In the Matter of GARY DeFILIPPO, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [924 NYS2d 860]—

Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered August 13, 2010 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner sought to commence a CPLR article 78 proceeding challenging a prison disciplinary determination. The order to show cause signed by Supreme Court directed petitioner to serve it, together with the petition and accompanying exhibits, upon each named respondent and the Attorney General on or before June 11, 2010. It further directed petitioner to submit proof of service of his papers on the parties to the court prior to the return date. Respondents moved to dismiss the petition for lack of personal jurisdiction based upon petitioner's failure to comply with the service provisions of the order to show cause. Supreme Court granted the motion and dismissed the petition, resulting in this appeal.

We affirm. It is well settled that an inmate's failure to follow the service requirements set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction unless the inmate can demonstrate that obstacles presented by his or her imprisonment precluded compliance (*see Matter of Pettus v Department of Correctional Servs.*, 76 AD3d 1152, 1153 [2010]; *Matter of Ciochenda v Department of Correctional Servs.*, 68 AD3d 1363, 1363 [2009]). Here, the affidavit of a Department of Correctional Services employee establishes that not all of the papers specified in the order to show cause were served upon respondent Commissioner of Correctional Services. Likewise, the affidavit of the records coordinator at Ulster Correctional Facility indicates that none of the papers specified in the order to show cause were served upon respon-

dent Superintendent of that facility. In addition, only the affidavit of service pertaining to the Attorney General was filed with the court prior to the return date specified in the order to show cause. In light of the above deficiencies, and since petitioner has not shown that his imprisonment prevented him from complying with the service requirements of the order to show cause, Supreme Court properly granted respondents' motion and dismissed the petition for lack of personal jurisdiction (*see Matter of Gantt v Lape*, 83 AD3d 1349 [2011]).

Mercure, J.P., Spain, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.