■ In the Matter of BERNABE ENCARNACION, Appellant, v THOMAS LaVALLEY, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [934 NYS2d 513]—

Petitioner commenced this CPLR article 78 proceeding seeking to reverse and vacate a prison disciplinary determination made in February 1998 and to be reimbursed for back wages for the time he was allegedly improperly confined to the special housing unit. Supreme Court signed an order to show cause directing petitioner to serve the order and the papers upon which it was granted upon each named respondent and the Attorney General on or before September 24, 2010. When petitioner failed to comply with the service requirements of the order, respondents moved to dismiss the petition on the ground that petitioner failed to gain personal jurisdiction over them. Supreme Court granted the motion and dismissed the petition, and this appeal ensued.

We affirm. "[A]n inmate's failure to serve papers in accordance with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the inmate can demonstrate that imprisonment presented an obstacle to compliance" (*Matter of Ciochenda v Department of Correctional Servs.*, 68 AD3d 1363, 1363 [2009]; *see Matter of Abreu v Vonce*, 76 AD3d 1149-1150 [2010], *appeal dismissed* 16 NY3d 734 [2011]). Here, petitioner's affidavit of service demonstrates that he did not make service on any of the respondents or the Attorney General until October 5, 2010. While petitioner now contends that he did not receive the order in a timely manner and certain conditions in the facility prevented him from making copies, he did not make this argument to Supreme Court and, in any event, he has presented no evidence to substantiate these claims. Therefore, Supreme Court properly dismissed the petition (*see Matter of DeFilippo v Fischer*, 85 AD3d 1421, 1422 [2011], *lv denied* 17 NY3d 711 [2011]; *Matter of Abreu v Vonce*, 76 AD3d at 1150).

Peters, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.