■ In the Matter of SIDNEY CALHOUN, Appellant, v DIVISION OF PAROLE, Respondent. [939 NYS2d 894]—

Appeal from a judgment of the Supreme Court (Lawliss, J.), entered April 27, 2011 in Clinton County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

By order to show cause, petitioner sought to commence a CPLR article 78 proceeding challenging a determination denying his request for parole release. Respondent moved to dismiss the proceeding due to petitioner's failure to comply with the service requirements set forth in the order to show cause. Supreme Court granted the motion and dismissed the petition. This appeal by petitioner ensued.

"The failure of an inmate to serve papers as directed by an order to show cause requires the dismissal of the petition on jurisdictional grounds, absent a showing by the inmate that

imprisonment presented an obstacle to compliance" (*Matter of Chavis v Helf*, 89 AD3d 1352, 1353 [2011] [citations omitted]). In dismissing the petition, Supreme Court concluded that petitioner had not effectuated service of papers on respondent, and that there was no evidence that petitioner's imprisonment prevented him from doing so. The sole issue on appeal is whether the court properly dismissed the petition on that basis. However, petitioner has asked this Court to treat his petition as his brief on appeal and, in doing so, has failed to address the sole issue before us. Inasmuch as petitioner has failed to address this jurisdictional issue (*see generally Matter of Encarnacion v LaValley*, 89 AD3d 1306, 1307 [2011]), Supreme Court's judgment dismissing the petition must be affirmed.

Mercure, A.P.J., Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.