Matter of Green v Bell (2021 NY Slip Op 00344)





Matter of Green v Bell


2021 NY Slip Op 00344


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

530571

[*1]In the Matter of Shawn Green, Appellant,
v
Earl Bell, as Superintendent of Clinton Correctional Facility, Respondent.

Calendar Date: January 4, 2021

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Shawn Green, Peekskill, appellant pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Bruening, J.), entered October 7, 2019 in Clinton County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Petitioner attempted to commence this CPLR article 78 proceeding challenging, among other things, various prison disciplinary determinations and seeking an order compelling disclosure of certain information. Supreme Court directed petitioner to serve an affidavit of service with the Supreme Court Clerk's office on or before June 28, 2019. Thereafter, petitioner failed to file the requisite affidavit of service. As a result, by decision filed October 7, 2019, the court, on its own motion, dismissed the petition for lack of personal jurisdiction. Petitioner appeals.
We affirm. "It is well established that failure of an inmate to comply with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the inmate demonstrates that imprisonment presented obstacles beyond his or her control which prevented compliance" (Matter of Simpson v Annucci, 175 AD3d 1694, 1695 [2019] [internal quotation marks and citations omitted]; see Matter of Davis v Prack, 136 AD3d 1092, 1092 [2016]). As noted by Supreme Court, petitioner made no such showing in order to excuse his failure to comply with the directive in the order to show cause. Accordingly, the court properly dismissed the petition (see Matter of Sharp v Annucci, 164 AD3d 1580, 1581 [2018]; Matter of Barnes v Annucci, 144 AD3d 1286, 1287 [2016]; Matter of Davis v Prack, 136 AD3d at 1093; Matter of DeFilippo v Fischer, 85 AD3d 1421, 1422 [2011], lv denied 17 NY3d 711 [2011]).
Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.