■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN LAND, Appellant, v STATE OF NEW YORK et al., Respondents. [864 NYS2d 205]—Appeal from a judgment of the Supreme Court (Pulver, Jr., J.), entered December 20, 2007 in Greene County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner is an inmate at Greene Correctional Facility in Greene County. He commenced this CPLR article 70 proceeding for a writ of habeas corpus claiming that his request for parole release was improperly denied insofar as the Board of Parole failed to issue a written decision setting forth the basis for its denial. Supreme Court refused to issue the writ and denied petitioner's application without a hearing. Petitioner appeals.

We affirm. "It is axiomatic that the remedy of habeas corpus is available in New York only if the relator would be entitled to immediate release were he or she to prevail" (*People ex rel. Quartararo v Demskie*, 238 AD2d 792, 793 [1997], *lv denied* 90 NY2d 802 [1997] [citations omitted]). Even if the Board failed to issue a written decision as claimed by petitioner, parole release decisions are discretionary and petitioner would not be entitled to immediate release from prison (*see id.*). Rather, the remedy would be remittal of the matter to the Board. Accordingly, Supreme Court properly denied petitioner's application.

Cardona, P.J., Spain, Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.