■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIO C. BORRELL, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [925 NYS2d 922]—

Appeal from a judgment of the Supreme Court (Hayden, J.), entered September 29, 2010 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1998, petitioner was convicted of various crimes, including multiple counts of robbery in the first degree, and he was thereafter sentenced as a second violent felony offender to an aggregate prison term of 12½ to 25 years. In December 2009, petitioner made his initial appearance before the Board of Parole, which denied his request for release and ordered that he be held an additional 24 months. While his administrative appeal was pending, petitioner commenced this CPLR article 70 proceeding to challenge the Board's determination. Supreme Court denied petitioner's application, prompting this appeal.

We affirm. Contrary to petitioner's contention, an inmate who has completed his minimum prison term and is subject to a final order of deportation is not entitled to conditional parole for deportation only (*see Matter of Samuel v Alexander*, 69 AD3d 861, 862 [2010], *lv denied* 14 NY3d 837 [2010]; *Matter of Abbas v New York State Div. of Parole*, 61 AD3d 1228, 1228-1229 [2009]). Therefore, inasmuch as parole decisions are discretion-

ary and, in any event, the remedy for an improper denial of parole would be remittal to the Board and not immediate release, the denial of parole may not be challenged by way of a writ of habeas corpus (*see People ex rel. Oberoi v Yelich*, 60 AD3d 1170, 1171 [2009], *lv denied* 13 NY3d 708 [2009]; *People ex rel. Land v State of New York*, 54 AD3d 1113 [2008]).

Spain, J.P., Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.