Appeal from a judgment of the Supreme Court (Mercure, J.), entered July 19, 2013 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents’ motion to dismiss the petition.
Petitioner commenced this CPLR article 78 proceeding by order to show cause challenging disciplinary determinations finding him guilty of violating certain prison disciplinary rules. The order to show cause directed petitioner to serve the order, petition, exhibits and any supporting affidavits by ordinary first class mail upon respondents and the Attorney General on or before April 19, 2013. Petitioner thereafter failed to serve the papers upon respondent Commissioner of Corrections and Community Supervision and respondents moved to dismiss the petition for lack of personal jurisdiction. Supreme Court granted the motion and this appeal ensued.
We affirm. “The failure of an inmate to serve papers as directed by an order to show cause requires the dismissal of the petition on jurisdictional grounds, absent a showing by the inmate that imprisonment presented an obstacle to compliance” (Matter of Chavis v Helf, 89 AD3d 1352, 1353 [2011] [citations omitted]; see Matter of Gantt v Lape, 83 AD3d 1349, 1349 [2011]). Inasmuch as the record reflects that petitioner has not complied with the service requirements of the order to show *1299 cause,* and has not demonstrated that his imprisonment presented an obstacle to his compliance, Supreme Court properly granted respondents’ motion and dismissed the petition (see Matter of Chavis v Helf, 89 AD3d at 1352; Matter of Maddox v Fischer, 89 AD3d 1265, 1265 [2011]).
Peters, PJ., Lahtinen, Stein and Garry, JJ., concur.
Ordered that the judgment is affirmed, without costs.

 We note the absence in the record of an affidavit of service indicating who was served, although respondents appear to concede that petitioner properly served all parties except the Commissioner.