*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 11, 2014          517913
_____

In the Matter of JAMES R.
    MOORE,
                    Appellant,

        v                              MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF
    PAROLE,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Lahtinen, McCarthy, Garry and Rose, JJ.

_____


        James R. Moore, Coxsackie, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.

_____


        Appeal from a judgment of the Supreme Court (Elliott III, J.), entered October 16, 2013 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

        Petitioner commenced this CPLR article 78 proceeding to challenge a July 2012 determination of the Board of Parole that denied his request for parole release.  The Attorney General has advised this Court that petitioner reappeared before the Board in July 2014 and was again denied parole release.  Thus, the appeal is now moot (see Matter of Jackson v New York State Div. of Parole, 116 AD3d 1308, 1308 [2014]).  Petitioner urges us to treat this matter as a habeas corpus proceeding and nevertheless reach the merits, but "the denial of parole may not be challenged

by way of a writ of habeas corpus" (People ex rel. Borrell v New York State Bd. of Parole, 85 AD3d 1515, 1515-1516 [2011], lv denied 17 NY3d 718 [2011]).  To the extent that petitioner additionally attacks the legality of his sentence, his failure to name as respondent the "person having custody of" him renders any request for a writ of habeas corpus procedurally defective (CPLR 7004 [b]; see Matter of Wisniewski v Michalski, 114 AD3d 1188, 1190 [2014]; People ex rel. Backus v Broome County Dept. of Social Servs., 240 AD2d 786, 787 [1997]; see also Executive Law § 259-b [1]).

Peters, P.J., Lahtinen, McCarthy, Garry and Rose, JJ., concur.


ORDERED that the appeal is dismissed, as moot, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court