*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014                    518773
_____

In the Matter of ROLAND MARTIN,
                    Appellant,
          v                                    MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                    Respondents.
_____


Calendar Date:  October 21, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

                    _____


        Roland Martin, Wallkill, appellant pro se.


                    _____


        Appeals (1) from a judgment of the Supreme Court
(Gilpatric, J.), entered February 18, 2014 in Ulster County,
which, in a proceeding pursuant to CPLR article 78, sua sponte,
dismissed the petition, and (2) from a judgment of said court,
entered May 6, 2014 in Ulster County, which denied petitioner's
motion to renew.

        Petitioner commenced this CPLR article 78 proceeding to
challenge the omission of merit time eligibility in the
computation of his sentence.  He failed to serve respondents as
required by the order to show cause, prompting Supreme Court to
dismiss the petition sua sponte.  Supreme Court, in a separate
judgment, denied petitioner's subsequent motion to renew.
Petitioner now appeals from both judgments.

        Initially, we note that there is "no right of appeal from
an ex parte [judgment/order], including [one] entered sua

sponte," such as Supreme Court's dismissal of the petition here (<u>Sholes v Meagher</u>, 100 NY2d 333, 335 [2003]; <u>see</u> CPLR 5701 [a] [2]; [b] [1]; <u>Matter of Barnes v Schroyer</u>, 120 AD3d 1492, 1492 [2014]). Under the circumstances presented here, we decline to treat the notice of appeal from that judgment as an application for leave to appeal (<u>see</u> CPLR 5701 [c]; <u>Matter of Barnes v Schroyer</u>, 120 AD3d at 1492). Petitioner sought renewal pursuant to CPLR 2221 and, while perhaps more properly viewed as one to vacate pursuant to CPLR 5015, the judgment denying that motion presents the salient issues for review.

Turning to Supreme Court's denial of that motion, we affirm. "The failure of an inmate to serve papers as directed by an order to show cause requires the dismissal of the petition on jurisdictional grounds, absent a showing by the inmate that imprisonment presented an obstacle to compliance" (<u>Matter of Rodriguez v Fischer</u>, 117 AD3d 1298, 1298 [2014] [internal quotation marks and citations omitted]). Petitioner failed to comply with the service requirements of the order to show cause and, contrary to his assertion, the evidence presented in his motion indicated that the obstacles preventing him from complying with those requirements were self-created. Thus, Supreme Court properly denied petitioner's motion (<u>see</u> CPLR 2221 [e] [2]; 5015 [a] [2]).

Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ., concur.

ORDERED that the appeal from the judgment entered February 18, 2014 is dismissed, without costs.

ORDERED that the judgment entered May 6, 2014 is affirmed, without costs.


ENTER:


Robert D. Mayberger
Clerk of the Court