*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 17, 2015                    520327
_____

THE PEOPLE OF THE STATE OF
    NEW YORK ex rel. MOISES
    FIGUEROA,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

PATRICK GRIFFIN, as
    Superintendent of Sullivan
    County Correctional Facility,
    et al.,
                    Respondents.
_____

Calendar Date:  October 27, 2015

Before:  Peters, P.J., Garry, Lynch and Devine, JJ.

_____

        Moises Figueroa, Fallsburg, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin
Hotvet of counsel), for respondents.

_____

        Appeal from a judgment of the Supreme Court (LaBuda, J.),
entered September 5, 2014 in Sullivan County, which, in a
proceeding pursuant to CPLR article 70, granted respondents'
motion to dismiss the petition, without a hearing.

        Petitioner, who was convicted of murder in the second
degree and another crime in 1990, commenced this habeas corpus
proceeding seeking release from prison based upon claimed errors
surrounding the indictment and identification testimony at his
jury trial (see People v Figueroa, 204 AD2d 103 [1994], lv denied
83 NY2d 967 [1994]).  Supreme Court signed the writ and directed
the manner in which the signed writ and petition were to be

served upon, among others, respondent Superintendent of Sullivan County Correctional Facility as well as the Attorney General on or before May 23, 2014. Petitioner failed to abide that directive, and Supreme Court thereafter granted respondents' motion to dismiss the petition for lack of personal jurisdiction. This appeal ensued.

We affirm. It is well settled that "[a]n inmate's failure to serve papers in accordance with the directives set forth by the court in [a signed writ] is a jurisdictional defect requiring dismissal of the petition absent a demonstration by the inmate that obstacles presented by his or her imprisonment precluded compliance" (People ex rel. Holman v Cunningham, 73 AD3d 1298, 1299 [2010]; see People ex rel. Vickery v Walsh, 100 AD3d 1116, 1116 [2012]). Although petitioner served the petition on the Superintendent on April 14, 2014, petitioner neglected to timely serve the Superintendent with the signed writ as directed by the court, and he has not provided an adequate excuse for his failure to do so (see People ex rel. Vickery v Walsh, 100 AD3d at 1116; People ex rel. Bernard v Cunningham, 73 AD3d 1306, 1306 [2010]). Moreover, petitioner's service upon the Attorney General was "insufficient to confer jurisdiction over [the Superintendent]" (Matter of Standifer v Goord, 285 AD2d 912, 912 [2001]; see Matter of Quogue Assoc. v New York State Dept. of Envtl. Conservation, 112 AD2d 999, 1000 [1985], lv denied 67 NY2d 604 [1986]). Given that petitioner has not made a showing that imprisonment presented an insurmountable obstacle that prevented compliance with the court's service directives with regard to the Superintendent, the court properly dismissed the petition for lack of personal jurisdiction (see People ex rel. Watson v Walsh, 7 AD3d 850, 850 [2004]). In addition, habeas relief is not appropriate for claims, as asserted here, that were or could have been raised on direct appeal or in a CPL article 440 motion (see People ex rel. Backman v Walsh, 101 AD3d 1316, 1316 [2012], lv denied 20 NY3d 863 [2013], cert denied ___ US ___, 134 S Ct 84 [2013]).

Peters, P.J., Garry, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court