*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 28, 2016                    522473
_____

In the Matter of ARRELLO
    BARNES,
                        Appellant,

        v
                                          MEMORANDUM AND ORDER

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                        Respondent.
_____


Calendar Date:  June 6, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Devine and Clark, JJ.

_____


        Arrello Barnes, Pine City, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

_____


        Appeal from a judgment of the Supreme Court (McKeighan,
J.), entered January 5, 2016 in Washington County, which, in a
proceeding pursuant to CPLR article 78, granted respondent's
motion to dismiss the petition.

        Petitioner commenced this CPLR article 78 proceeding to
challenge a prison disciplinary determination made in May 2015.
Supreme Court signed an order to show cause directing petitioner
to serve a copy of the signed order to show cause and the papers
on which it was granted upon the named respondent and the
Attorney General by first class mail.  When petitioner failed to
comply with the service requirements, respondent moved to dismiss
the petition due to lack of personal jurisdiction.  Supreme Court

granted the motion and dismissed the petition, and this appeal ensued.

We affirm. "It is well settled that an inmate's failure to serve papers in accordance with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the inmate can demonstrate that imprisonment presented an obstacle to compliance" (Matter of Anderson v Fisher, 112 AD3d 1089, 1090 [2013] [internal quotation marks and citation omitted]; see Matter of Murray v Fischer, 94 AD3d 1300, 1301 [2012], lv denied 9 NY3d 811 [2012]).  Here, respondent submitted affidavits establishing that petitioner did not serve a copy of the executed order to show cause and papers in this special proceeding on the Attorney General as directed in the order to show cause.  Petitioner has not demonstrated that he complied with the service requirements of the order to show cause or that imprisonment presented an obstacle to doing so. Accordingly, Supreme Court correctly dismissed the petition (see Matter of Rodriguez v Fischer, 117 AD3d 1298, 1298-1299 [2014]; Matter of Anderson v Fisher, 112 AD3d at 1090).

Peters, P.J., Lahtinen, Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court