*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 10, 2016                     522396
_____

In the Matter of ARRELLO
    BARNES,
                        Appellant,

        v                                      MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____


Calendar Date:   September 20, 2016

Before:   McCarthy, J.P., Lynch, Clark, Mulvey and Aarons, JJ.

                        _____


        Arrello Barnes, Pine City, appellant pro se.

                        _____


        Appeals (1) from a judgment of the Supreme Court
(McKeighan, J.), entered November 23, 2015 in Washington County,
which, in a proceeding pursuant to CPLR article 78, dismissed the
petition, and (2) from a judgment of said court, entered January
19, 2016 in Washington County, which denied petitioner's motion
for reconsideration.

        Petitioner, an inmate, commenced this CPLR article 78
proceeding challenging a determination finding him guilty of
violating certain prison disciplinary rules.  Supreme Court
dismissed the proceeding due to petitioner's failure to effect
service in accordance with the relaxed service directives set
forth in an order to show cause.  Petitioner's subsequent motion
for reconsideration was denied by Supreme Court.  Petitioner
appeals from both judgments.

In addition to the directive in the order to show cause that petitioner serve respondent and the Attorney General on or before September 2, 2015, it also directed that petitioner file an affidavit of service within 10 days of such service. As Supreme Court did not receive any proof from petitioner of the appropriate service, and petitioner did not present any evidence that imprisonment presented any obstacle to compliance, Supreme Court properly dismissed the proceeding for lack of jurisdiction (see Matter of Barnes v Venettozzi, 141 AD3d 1073, 1074 [2016]; Matter of Davis v Prack, 136 AD3d 1092, 1093 [2016]).

Turning to petitioner's appeal from the January 19, 2016 judgment, we note that the nature of the motion for reconsideration was not specified. To the extent that it can be considered a motion for renewal, it was properly denied by Supreme Court as the evidence submitted in connection therewith failed to establish that petitioner complied with the service directives of the order to show cause. To the extent that the motion can be construed as a motion to reargue, no appeal lies from the denial of a motion to reargue (see Matter of Sital v Fischer, 76 AD3d 723 n [2010]).

McCarthy, J.P., Lynch, Clark, Mulvey and Aarons, JJ., concur.

ORDERED that the judgments are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court