Matter of Watkins v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 01975)





Matter of Watkins v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 01975


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

525262

[*1]In the Matter of PAUL WATKINS, Appellant,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: January 23, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Rumsey, JJ.


Paul Watkins, Romulus, appellant pro se.
Eric T. Schneiderman, Attorney General, Albany (Patrick A. Woods of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Ryba, J.), entered June 7, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner commenced this CPLR article 78 proceeding to challenge a July 2016 prison disciplinary determination finding him guilty of violating certain prison disciplinary rules. Supreme Court (Hartman, J.) signed an order to show cause directing petitioner to serve a copy of the order, the petition, the exhibits and any supporting affidavits by first class mail upon respondent and the Attorney General. When petitioner failed to comply with the service requirements by serving respondent, respondent moved to dismiss the petition due to lack of personal
jurisdiction. Supreme Court (Ryba, J.) granted the motion and dismissed the petition, and petitioner now appeals.
We affirm. An inmate's failure to serve papers as directed by an order to show cause requires the dismissal of the petition on jurisdictional grounds, absent a showing that imprisonment presented an obstacle to compliance (see Matter of Barnes v Venettozzi, 141 AD3d 1073, 1074 [2016]; Matter of Rodriguez v Fischer, 117 AD3d 1298, 1298 [2014]). Here, in response to the motion to dismiss, petitioner submitted an unsworn letter dated April 22, 2017 that alleged that he had served respondent, but failed to provide any evidence to support such assertion. Petitioner thereafter submitted a second letter with attachments, dated May 17, 2017 — two weeks after the return date for the motion. The submission included a notarized affidavit, [*2]dated February 15, 2017, that indicated that petitioner had sent mail to respondent, but lacked information demonstrating that the correspondence concerned the instant proceeding. Considering these facts, in conjunction with an affidavit from an employee of respondent stating that a search of respondent's records indicated that petitioner had not served it with any papers regarding the matter, we find that petitioner has not demonstrated that he complied with the service requirements of the order to show cause or that imprisonment presented an obstacle to doing so (see Matter of Brown v Fischer, 145 AD3d 1212, 1213 [2016]; Matter of Barnes v Annucci, 144 AD3d 1286, 1286 [2016]). Additionally, contrary to petitioner's contention, CPLR 306-b does not permit an extension of time for service provided in an order to show cause (see Matter of State of New York v Robert C., 113 AD3d 937, 938 [2014]; Matter of Burke v Bezio, 71 AD3d 1317, 1318 [2010]).
McCarthy, J.P., Devine, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.