Matter of Estevez-Rodriguez v Stanford (2020 NY Slip Op 00464)





Matter of Estevez-Rodriguez v Stanford


2020 NY Slip Op 00464


Decided on January 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 23, 2020

529083

[*1]In the Matter of Justo Estevez-Rodriguez, Appellant,
v
Tina M. Stanford, as Chair of the Board of Parole, Respondent.

Calendar Date: January 3, 2020

Before: Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Justo Estevez-Rodriguez, Ossining, appellant pro se.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Nichols, J.), entered May 9, 2019 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner commenced this CPLR article 78 proceeding alleging that respondent failed to grant him parole jail time credit for time spent in custody. Pursuant to an order to show cause signed by Supreme Court (Hartman, J.) on January 3, 2019, petitioner was required to serve a copy of the signed order to show cause, together with the petition, exhibits and any supporting affidavits, upon respondent and the Attorney General prior to February 8, 2019. Although there is no dispute that petitioner served respondent with all of the required papers, the papers received by the Attorney General did not include a copy of the signed order to show cause. As a result, respondent moved to dismiss the petition for failure to acquire personal jurisdiction; petitioner opposed the requested relief. Supreme Court (Nichols, J.) granted respondent's motion to dismiss, and this appeal ensued.
We affirm. "An inmate's failure to serve papers in accordance with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the inmate can demonstrate that imprisonment presented an obstacle to compliance" (Matter of Adams v Annucci, 175 AD3d 1687, 1687-1688 [2019] [internal quotation marks, brackets and citations omitted]; see Matter of Simpson v Annucci, 175 AD3d 1694, 1695 [2019]; Matter of Butler v New York State Div. of Parole, 163 AD3d 1381, 1382 [2018], lv denied 32 NY3d 910 [2018]). Petitioner does not assert that he was unable to comply with the service requirements; rather, he contends that he included the signed order to show cause in the papers served upon the Attorney General.
The affidavit submitted in support of respondent's motion to dismiss established that the Attorney General was not served with a signed copy of the order to show cause as required (see Matter of Smith v Annucci, 166 AD3d 1172, 1173 [2018]; Matter of Brown v Fischer, 145 AD3d 1212, 1213 [2016]). In opposition, petitioner tendered three affidavits of service. The first affidavit of service, which predated the signed order to show cause, only indicated that "[a]ll [p]apers" pertaining to the CPLR article 78 proceeding were served upon respondent and the Attorney General. The second affidavit of service — sworn to January 29, 2019 — similarly indicated that "all the documents enclosed herein" were served upon the necessary parties. It was not until April 2019, after respondent moved to dismiss the petition and long after the service deadline had passed, that petitioner first averred that the signed order to show cause had been served upon the Attorney General. As petitioner's proof neither demonstrated that he served the Attorney General in compliance with the order to show cause nor otherwise raised a question of fact sufficient to warrant a traverse hearing (see e.g. Matter of Perez v Harper, 161 AD3d 1472, 1473 [2018]), Supreme Court properly granted respondent's motion to dismiss the petition (see Matter of Simpson v Annucci, 175 AD3d at 1695; Matter of Watkins v New York State Dept. of Corr. & Community Supervision, 159 AD3d 1252, 1252-1253 [2018], lv denied 31 NY3d 913 [2018]; Matter of Barnes v Venettozzi, 141 AD3d 1073, 1074 [2016]). Petitioner's remaining arguments have been examined and found to be lacking in merit.
Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.