Matter of Dorcinvil v Annucci (2020 NY Slip Op 05106)





Matter of Dorcinvil v Annucci


2020 NY Slip Op 05106


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

530086

[*1]In the Matter of Jacques Dorcinvil, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 4, 2020

Before: Garry, P.J., Lynch, Clark, Mulvey and Devine, JJ.


Jacques Dorcinvil, Comstock, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Bruening, J.), entered August 16, 2019 in Clinton County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Petitioner commenced this CPLR article 78 proceeding to challenge a determination finding him guilty of violating certain prison disciplinary rules. As neither the petition itself, which was filed in October 2018, nor the affidavit in support thereof identified any parties in the caption, Supreme Court (Feldstein, J.) notified petitioner that it would not issue an order to show cause until petitioner filed an amended petition and supporting documentation bearing an appropriate caption. Instead of filing an amended petition, however, petitioner simply filled in the caption using a copy of the previously-filed petition, prompting Supreme Court to twice advise petitioner of the need to file "a corrected and complete petition with supporting affidavit [with] the Clinton County Clerk."
After petitioner filed an amended petition and supporting affidavit in January 2019, Supreme Court signed an order to show cause directing petitioner to serve said order, together with the petition and any supporting documentation, upon respondent and the Attorney General. By letter dated March 26, 2019, the Attorney General advised Supreme Court that, although petitioner served respondent and the Attorney General with the January 2019 order to show cause, he did not include the amended petition filed in 2019 or the supporting documentation associated therewith; rather, petitioner served the petition, supporting affidavit and affidavit of service that was filed in October 2018. As a result, respondent asserted, among other things, that petitioner lacked personal jurisdiction. Supreme Court (Bruening, J.) dismissed the proceeding upon that ground, and this appeal ensued.
We affirm. "An inmate's failure to serve papers in accordance with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the inmate can demonstrate that imprisonment presented an obstacle to compliance" (Matter of Estevez-Rodriguez v Stanford, 179 AD3d 1370, 1370-1371 [2020] [internal quotation marks and citations omitted]; see Matter of Smith v Annucci, 166 AD3d 1172, 1173 [2018]; Matter of Sharp v Annucci, 164 AD3d 1580, 1580-1581 [2018]). Petitioner does not dispute that he failed to serve respondent and the Attorney General with a copy of the amended petition filed in January 2019; rather, he argues that the omission of the parties from the face of the original petition filed in October 2018 constituted a curable defect under CPLR 2001 — a defect that he corrected when he filled in the caption and served respondent and the Attorney General with the signed order to show cause and a copy of the original petition. CPLR 2001, however, may be utilized only to cure technical infirmities or defects (see Ruffin v Lion Corp., 15 NY3d 578, 582 [2010]) and "was not intended to allow courts to create jurisdiction where it otherwise does not exist" (Pierce v Village of Horseheads Police Dept., 107 AD3d 1354, 1356 [2013]). As petitioner failed to comply with the service requirements, "and absent any indication that prison presented an obstacle beyond petitioner's control that prevented his compliance with [the applicable] directives, the petition was properly dismissed" (Matter of Simpson v Annucci, 175 AD3d 1694, 1695 [2019]; see Matter of Adams v Annucci, 175 AD3d 1687, 1688 [2019]). Accordingly, petitioner's challenge to the underlying disciplinary determination is not properly before us.
Garry, P.J., Lynch, Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed, without costs.