Johnson v Mandalaywala (2020 NY Slip Op 05272)





Johnson v Mandalaywala


2020 NY Slip Op 05272


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

530380

[*1]Johnathan Johnson, Appellant,
v
Vijay Kumar Mandalaywala et al., Respondents.

Calendar Date: September 14, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Johnathan Johnson, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondents.



Pritzker, J.
Appeal from an order of Supreme Court (Hartman, J.), entered October 15, 2019 in Albany County, which, among other things, granted defendants' motion to dismiss the complaint.
Plaintiff, a prison inmate, sought to commence this action pursuant to 42 USC § 1983 against numerous defendants, alleging, among other things, various constitutional violations in connection with the medical care rendered at the correctional facility. Supreme Court, in an ex parte order, directed that plaintiff serve the order, summons and verified complaint by certified mail, return receipt requested, upon each named defendant at their respective places of employment or business, and upon the Attorney General. The court further required that plaintiff submit all papers, including the original proof of service and certified mail receipts, with the court. Defendants moved to dismiss the complaint, asserting that plaintiff failed to obtain personal jurisdiction over them given the insufficient affidavit of service and plaintiff's failure to file certified mail receipts. Plaintiff opposed the motion and cross-moved for a default judgment. Supreme Court, among other things, granted defendants' motion to dismiss the complaint for lack of personal jurisdiction. Defendant appeals.
We affirm. "An inmate's failure to serve papers in accordance with the directives set forth in an [ex parte order] will result in dismissal of the [complaint] for lack of personal jurisdiction, unless the inmate can demonstrate that imprisonment presented an obstacle to compliance" (Matter of Estevez-Rodriguez v Stanford, 179 AD3d 1370, 1370-1371 [2020] [internal quotation marks, brackets and citations omitted]; see Matter of Davis v Prack, 136 AD3d 1092, 1092-1093 [2016]). The affidavit of service filed by plaintiff indicates two separate addresses where the papers were mailed to the named defendants without differentiating which address was used for each defendant and does not reflect that the papers were sent by certified mail, return receipt requested. As the affidavit of service was facially insufficient to establish proper service in compliance with the directives of the ex parte order, Supreme Court properly granted defendants' motion to dismiss the complaint due to a lack of personal jurisdiction (see Matter of Brown v Fischer, 145 AD3d 1212, 1213 [2016]; Matter of Barnes v Annucci, 144 AD3d 1286, 1287 [2016]). Notwithstanding the belated submission of the requisite certified mail receipts, plaintiff's submissions are insufficient to raise an issue of fact warranting a traverse hearing (cf. Matter of Estevez-Rodriguez v Stanford, 179 AD3d at 1371; Matter of Barnes v Prack, 108 AD3d 894, 895 [2013]). We have reviewed plaintiff's remaining contentions, including his assertion that purported obstacles resulting from his imprisonment prevented his compliance with the directives of the ex parte order, and find them to be without merit.
Garry, P.J., Clark, Devine and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.