People ex rel. Curran v Keyser (2021 NY Slip Op 04523)





People ex rel. Curran v Keyser


2021 NY Slip Op 04523


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

532244
[*1]The People of the State of New York ex rel. Justin Curran, Appellant,
v
William F. Keyser, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date:June 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and Colangelo, JJ.

Justin Curran, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Schick, J.), entered October 9, 2020 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is an inmate serving multiple prison sentences upon his convictions for murder in the second degree and other crimes, and is eligible for parole in 2054 (see People v Curran, 139 AD3d 1085 [2016], lv denied 31 NY3d 1080 [2018]; People v Curran, 139 AD3d 1087 [2016], lv denied 31 NY3d 1080 [2018]). In July 2020, while confined at Sullivan Correctional Facility, petitioner filed a petition for a writ of habeas corpus seeking his immediate release due to the COVID—19 pandemic. Respondent moved to dismiss for lack of personal jurisdiction. Supreme Court denied petitioner's application on the merits, based upon our decision in People ex rel. Carroll v Keyser (184 AD3d 189 [2020]).[FN1] Petitioner appeals.
We affirm, finding that respondent's motion to dismiss should have been granted. "An inmate's failure to serve papers in accordance with the directives set forth by the court in an order to show cause is a jurisdictional defect requiring dismissal of the petition [for lack of personal jurisdiction,] absent a demonstration by the inmate that obstacles presented by his or her imprisonment precluded compliance" (People ex rel. Holman v Cunningham, 73 AD3d 1298, 1299 [2010] [citations omitted]; accord People ex rel. Figueroa v Griffin, 134 AD3d 1318, 1318 [2015]; see Matter of Estevez-Rodriguez v Stanford, 179 AD3d 1370, 1370-1371 [2020]; see also Matter of Czajka v Dellehunt, 125 AD3d 1177, 1182 [2015]). In support of his motion to dismiss, respondent submitted affidavits establishing, after an investigation, that petitioner did not, as directed in the order to show cause, serve a copy of the signed order to show cause or the petition on either respondent or the Attorney General at its regional office in the City of Poughkeepsie, Dutchess County by the August 3, 2020 deadline; no such order or papers were received by either as of August 19, 2020. Petitioner's affidavits of service in the record likewise fail to demonstrate compliance with the directives in the order to show cause in that they do not reflect that the signed order was served on respondent or the Attorney General, as required. Petitioner did not reply to respondent's motion to dismiss and has not asserted that he was unable to comply with the service requirements. Accordingly, respondent's motion to dismiss based upon lack of personal jurisdiction should have been granted.
Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Supreme Court concluded that there was "no reason" to address respondent's motion to dismiss, and dismissed that motion and decided the petition on the merits. We note that respondent did not serve a return and the Attorney General's motion to dismiss solely addressed lack of personal jurisdiction (see CPLR 3211 [a] [8]; 404 [a]) and did not address the merits of the petition or contain information expected in a return (see CPLR 7008 [b]). Thus, the court should have addressed the motion and should not have resolved the merits (compare People ex rel. Figueroa v Keyser, 193 AD3d 1148, 1149 n1 [2021]; People ex rel. Carroll v Keyser, 184 AD3d at 192).