Matter of Albritton v New York State Div. of Parole (2022 NY Slip Op 06205)

Matter of Albritton v New York State Div. of Parole

2022 NY Slip Op 06205

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

534506
[*1]In the Matter of Jemal Albritton, Appellant,
v
New York State Division of Parole, Respondent.

Calendar Date:October 7, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Jemal Albritton, Woodbourne, appellant pro se.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Christina L. Ryba, J.), entered October 21, 2021 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner, an incarcerated individual serving a prison term of 17 years to life stemming from a 2006 conviction, commenced this CPLR article 78 proceeding challenging the denial by respondent [FN1] of his initial request for parole release. Pursuant to an order to show cause signed by Supreme Court (Corcoran, J.) on May 27, 2021, petitioner was directed to serve a copy of the signed order to show cause, along with the petition and other supporting documents, upon respondent and the Attorney General by July 2, 2021. Thereafter, respondent moved to dismiss the petition for lack of personal jurisdiction because, as set forth in the supporting affidavits, petitioner did not serve respondent or the Attorney General with a copy of the executed order to show cause. Supreme Court (Ryba, J.) granted the motion, and this appeal ensued.
We affirm. "It is well established that failure of an [incarcerated individual] to comply with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the [incarcerated individual] demonstrates that imprisonment presented obstacles beyond his or her control which prevented compliance" (Matter of Marino v Annucci, 146 AD3d 1241, 1241 [3d Dept 2017] [citations omitted], appeal dismissed and lv denied 29 NY3d 1025 [2017]). In his unsworn reply to respondent's motion, petitioner acknowledged that he did not serve an executed order to show cause as directed but claims that is because he never received a signed order to show cause. In support of his assertion, petitioner offered a printout of legal mail sent to him in the month of June 2021, which includes mail received from Supreme Court on June 8, 2021, however, there is no information as to its contents. Petitioner's unsworn and unsupported assertion in response to respondent's motion to dismiss is insufficient to excuse his noncompliance with the service requirements of the order to show cause (see Matter of McGuire v Goord, 294 AD2d 719, 720 [3d Dept 2002]; see also Matter of Spirles v McGinnis, 305 AD2d 822, 822 [3d Dept 2003], appeal dismissed and lv denied 100 NY2d 603 [2003]). Under the circumstances, Supreme Court properly granted respondent's motion to dismiss for lack of personal jurisdiction (see Matter of Watkins v New York State Dept. of Corr. & Community Supervision, 159 AD3d 1252, 1252-1253 [3d Dept 2018], lv denied 31 NY3d 913 [2018]; Matter of Davis v Evans, 97 AD3d 857, 858 [3d Dept 2012]; Matter of Way v Goord, 15 AD3d 741, 742 [3d Dept 2005]). Petitioner's remaining contentions are either unpreserved or, absent personal jurisdiction, not properly before this Court.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment [*2]is affirmed, without costs.

Footnotes

Footnote 1: We note that the proper name for respondent is New York State Board of Parole.