Matter of Montes v New York State Dept. of Corr. & Community Supervision (2024 NY Slip Op 00344)

Matter of Montes v New York State Dept. of Corr. & Community Supervision

2024 NY Slip Op 00344

Decided on January 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 25, 2024

CV-23-0592
[*1]In the Matter of Germaine Montes, Appellant,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date:January 5, 2024

Before:Garry, P.J., Aarons, Pritzker, McShan and Mackey, JJ.

Germaine Montes, Stormville, appellant pro se.
Letitia James, Attorney General, Albany (Rachel Raimondi of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Thomas Marcelle, J.), entered February 24, 2023 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner commenced this CPLR article 78 proceeding seeking permission to file a late administrative appeal challenging the denial of his parole. Pursuant to an order to show cause signed by Supreme Court (Corcoran, J.), petitioner was directed to serve the order to show cause and petition with supporting exhibits and affidavits upon respondent and the Attorney General. Although petitioner served the Attorney General, he did not serve the papers upon respondent. Respondent moved to dismiss the petition for failure to acquire personal jurisdiction. Supreme Court (Marcelle, J.) granted respondent's motion to dismiss the petition. This appeal ensued.
We affirm. "It is well established that failure of an incarcerated individual to comply with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the incarcerated individual demonstrates that imprisonment presented obstacles beyond his or her control which prevented compliance" (Matter of Albritton v New York State Div. of Parole, 210 AD3d 1164, 1164 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Matter of Dorcinvil v Annucci, 186 AD3d 1853, 1854 [3d Dept 2020]). There is no dispute that petitioner did not serve respondent as directed in the order to show cause. Contrary to petitioner's contention, service on the Attorney General is insufficient to obtain personal jurisdiction over respondent (see CPLR 7804 [c]; Matter of Taylor v Poole, 285 AD2d 769, 770 [3d Dept 2001]). As petitioner did not comply with the service directives in the order to show cause and he did not demonstrate that his imprisonment presented an obstacle to his compliance, Supreme Court correctly granted respondent's motion to dismiss (see Matter of Barnes v Venettozzi, 141 AD3d 1073, 1074 [3d Dept 2016]; Matter of Murray v Fischer, 94 AD3d 1300, 1301 [3d Dept 2012], lv denied 19 NY3d 811 [2012]).
Garry, P.J., Aarons, Pritzker, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.