Matter of Griffin-Robinson v New York State Dept. of Corr. & Community Supervision (2024 NY Slip Op 02117)

Matter of Griffin-Robinson v New York State Dept. of Corr. & Community Supervision

2024 NY Slip Op 02117

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

CV-23-0975
[*1]In the Matter of Sonja Griffin-Robinson, Appellant,
v
New York State Department of Corrections and Community Supervision et al., Respondents.

Calendar Date:March 22, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Sonja Griffin-Robinson, Bedford Hills, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Appeals (1) from a judgment of the Supreme Court (Jonathan D. Nichols, J.), entered April 18, 2023 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition, and (2) from an order of said court, entered May 18, 2023 in Albany County, which denied petitioner's motion to reargue.
Petitioner commenced this CPLR article 78 proceeding against respondents seeking to challenge a prison disciplinary determination. Pursuant to the order to show cause signed by Supreme Court (Hartman, J.), petitioner was directed to serve the petition and any supporting materials upon the Attorney General and each of the named respondents by first class mail on or before February 17, 2023. By her own admission, petitioner only served the required papers upon the Attorney General. Supreme Court (Nichols, J.) granted respondents' subsequent motion to dismiss the petition for lack of personal jurisdiction and denied petitioner's motion for reconsideration. These appeals ensued.
"It is well established that the failure of an incarcerated individual to comply with the directives set forth in an order to show cause will result in dismissal of the petition for lack of personal jurisdiction, unless the incarcerated individual demonstrates that imprisonment presented obstacles beyond his or her control which prevented compliance" (Matter of Albritton v New York State Div. of Parole, 210 AD3d 1164, 1164 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; accord Matter of Montes v New York State Dept. of Corr. & Community Supervision, 223 AD3d 1131, 1132 [3d Dept 2024]; see People ex rel. Curran v Keyser, 196 AD3d 980, 981 [3d Dept 2021], lv denied 37 NY3d 907 [2021]). In her unsworn response to respondents' motion to dismiss, petitioner conceded that she failed to serve any of the named respondents because she mistakenly believed that service upon the Attorney General would suffice. As petitioner did not demonstrate the existence of any obstacles that would preclude her from complying with the clear directive set forth in the order to show cause, Supreme Court properly granted respondents' motion to dismiss the petition (see Matter of Montes v New York State Dept. of Corr. & Community Supervision, 223 AD3d at 1132).
Even assuming that petitioner's attempt to invoke the provisions of CPLR 2001 is properly before us, that statute "was not intended to allow courts to create jurisdiction where it otherwise does not exist" (Matter of Dorcinvil v Annucci, 186 AD3d 1853, 1855 [3d Dept 2020] [internal quotation marks and citation omitted]). Finally, "[t]o the extent that petitioner challenges the denial of [her] motion for reconsideration, we note that such motion was one for leave to reargue, as [she] alleged no new facts or demonstrated any change in the law" (People ex rel. Kearney v Bartlett, 131 AD3d 1313, 1314 [3d Dept 2015]). As no appeal lies from the denial of a motion to reargue (see Matter of [*2]Boyle v NYS Dept. of Motor Vehs., 200 AD3d 1375, 1378 [3d Dept 2021]), petitioner's appeal from Supreme Court's order must be dismissed (see id.; People ex rel. Kearney v Bartlett, 131 AD3d at 1314).
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.
ORDERED that the appeal from the order is dismissed, without costs.