Matter of White v Annucci (2025 NY Slip Op 02113)

Matter of White v Annucci

2025 NY Slip Op 02113

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-23-1415
[*1]In the Matter of Paul White, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Paul White, Coxsackie, appellant pro se.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Jonathan Nichols, J.), entered May 16, 2023 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner, an incarcerated individual, submitted two Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) requests to the Department of Corrections and Community Supervision (hereinafter DOCCS). In December 2022, after both requests were denied, petitioner commenced this proceeding pursuant to CPLR article 78 seeking an order directing respondent to provide the documents specified in his FOIL requests. Supreme Court (Hartman, J.) signed an order to show cause, returnable on March 17, 2023, directing petitioner to serve copies of the signed order to show cause, petition, exhibits and any supporting affidavits on respondent and the Attorney General by ordinary first-class mail or personal service on or before February 17, 2023.
On the return date, in lieu of an answer, respondent moved to dismiss the petition pursuant to CPLR 3211 (a) (8), among other grounds, for failure to acquire personal jurisdiction, asserting that petitioner had not effectuated proper service. Respondent submitted an affidavit from an employee in counsel's office at DOCCS averring that a search of the files in counsel's office disclosed that no papers had been served on or received by DOCCS or respondent in this matter. In opposition to the motion, petitioner submitted a sworn affidavit of service indicating that, on January 26, 2023, he served respondent and the Attorney General with the requisite papers as directed by the signed order to show cause. Supreme Court (Nichols, J.) granted respondent's motion to dismiss, prompting this appeal by petitioner.
We find that the parties' respective submissions raise issues of fact as to whether petitioner fulfilled the service requirements of the order to show cause. Accordingly, a traverse hearing is warranted in this case (see Matter of Elliott v Butler, 8 NY3d 972, 973 [2007]; Matter of Harrell v Fischer, 114 AD3d 1092, 1092-1093 [3d Dept 2014]; cf. Matter of Davila v Rodriguez, 232 AD3d 1184, 1185 [3d Dept 2024]; People ex rel. Curran v Keyser, 196 AD3d 980, 981 [3d Dept 2021], lv denied 37 NY3d 907 [2021]).
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.