People v Titus (2026 NY Slip Op 00745)

People v Titus

2026 NY Slip Op 00745

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

986 KAH 23-01235

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. ROBERTO CONCEPCION, PETITIONER-APPELLANT,
vAMY TITUS, SUPERINTENDENT, ORLEANS CORRECTIONAL FACILITY, RESPONDENT-RESPONDENT. 

DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (DOUGLAS E. WAGNER OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Orleans County (Sanford A. Church, A.J.), entered July 18, 2023, in a habeas corpus proceeding. The judgment dismissed the petition and denied the request of petitioner to convert the proceeding to a CPLR article 78 proceeding. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, an incarcerated individual in state prison, commenced this habeas corpus proceeding pursuant to CPLR article 70, contending that he is entitled to immediate release from custody because the Board of Parole (Board) improperly denied his request for release to parole supervision. Petitioner appeals from an order that dismissed the petition and denied his request to convert the matter into a CPLR article 78 proceeding, and we now affirm.
Because "the remedy for an improper denial of parole would be remittal to the Board and not immediate release" (People ex rel. Borrell v New York State Bd. of Parole, 85 AD3d 1515, 1516 [3d Dept 2011], lv denied 17 NY3d 718 [2011], rearg denied 18 NY3d 904 [2012], lv dismissed & rearg dismissed 19 NY3d 991 [2012], reconsideration denied 24 NY3d 1115 [2015]; see People ex rel. Daniels v Beaver, 303 AD2d 1025, 1025 [4th Dept 2003]), Supreme Court properly determined that habeas corpus relief is unavailable to petitioner.
Moreover, inasmuch as petitioner had not exhausted administrative remedies when he filed the petition (see Matter of Robinson v Bennett, 300 AD2d 715, 716 [3d Dept 2002]) and failed to name or serve the Board or the Department of Corrections and Community Supervision as a respondent (see Matter of Montes v New York State Dept. of Corr. & Community Supervision, 223 AD3d 1131, 1132 [3d Dept 2024]), we cannot conclude that the court abused its discretion in denying petitioner's alternative request to convert the habeas corpus proceeding into a CPLR article 78 proceeding. Under the circumstances of this case, the petition would have been subject to dismissal even if the proceeding had been converted to its proper form under CPLR 103 (c).
We have reviewed petitioner's remaining contentions and conclude that they lack merit.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court